GEORGE W. SMITH, Receiver, v. ROBERT BEATTIE.

A bill of sale, absolute upon its face, transferring property to be held as security for the payment of a debt due the vendee, is, in character and effect, a mortgage, and is to be treated as such.

In such case, the mortgagee acquires only a lien upon the assigned property: the residuary interest of the mortgagor therein may still be reached by his creditors.

And where, in such case, the assignee is to complete the process of the manufacture of the assigned property, and prepare the same for sale, such condition is not inconsistent with his rights and duties as mortgagee; and, consequently, does not render the assignment void.

THE facts of the case sufficiently appear in the opinion of BROWN, J.

*C. A. Smith*, for the appellant.

*W. A. Whitbeck*, for the respondent.

BROWN, J.   The plaintiff prosecuted this action as receiver, appointed in proceedings supplementary to the execution upon a judgment rendered in the Court of Common Pleas of the city of New York, wherein the Baldwin Company were plaintiffs, and one Arthur Donally defendant.   After stating the recovery of the judgment, the supplementary proceeding and his appointment as receiver, the plaintiff in his complaint proceeds to allege, that after contracting the debt upon which the judgment was recovered, and on the 10th day of May, 1859, Donally, the judgment debtor being insolvent, and with intent to delay and defraud his creditors, made and delivered a bill of sale for the consideration of one dollar therein expressed, but without any real or valuable consideration to the defendant Beattie absolutely, but really upon secret trust for Donally, of certain goods and merchandise, looms and carpets, and also a certain debt against E. S. Higgins & Co. for $1,500, and another debt against Ellery, Wendt & Hoffbauer for $600, all of which property the defendant converted into money with like intent to defraud

&c., which property and debts were of the value of $3,000 and upwards, and concluded by demanding judgment that the defendant account to him for such property and proceeds. The answer admitted the execution of the bill of sale, and delivery of the property, except that the debt of Ellery, Wendt & Hoffbauer was but $270. It also admitted that at the time of its execution, Donally was embarrassed in his circumstances, and unable to provide means to carry on his business, which was that of manufacturing carpets, or make his property marketable and available to pay his debts. That he was at the time indebted to Beattie in the sum of $2,500. That the assigned property consisted of implements of trade, fixtures and materials used in the manufacture of carpets, and that at the time of the transfer there was a parol understanding and agreement between the defendant, the judgment debtor, Donally and several of his creditors, that the former would take possession of the property, expend whatever money and labor was necessary to make it saleable in the market, convert it into money and after deducting therefrom the money expended with the debt due to him, pay over the residue, if any, to Donally for distribution amongst his creditors. That he afterwards proceeded to execute the agreement, and expended $2,000 in making additions to the stock of materials, and for work and labor in preparing the same for market. The answer also alleged that on the 6th day of January thereafter, Donally being insolvent, did, by an instrument in writing duly executed, make a general assignment of his property and effects to one John B. Moore, and did therein prefer the defendant, and direct him to be first paid out of the proceeds of the assigned property the debt due to him from Donally, together with such money as he had expended in manufacturing and preparing the property assigned to him by the bill of sale, for sale in the market. That the defendant, thereupon, immediately assigned and delivered over to John B. Moore, as a part of the trust property assigned by Donally to him, all the property received by him under the bill of sale, with all additions made thereto by the defendant. That afterwards, on the 1st

day of February, 1860, the assignee, John B. Moore, made a careful examination of the sum due to the defendant, as creditor of Donally, and for expenditures upon the property transferred under the bill of sale, which was ascertained to be $4,585.20, and which was thereupon paid to him in satisfaction of his claim. Upon these pleadings the trial of the action was referred to a referee who disaffirmed the plaintiff's allegation of fraud, and found all the material allegations of the answer to be true, adjudged that the defendant Beattie was not liable to account to the plaintiff, and ordered the complaint to be dismissed with costs to the defendant. Judgment was entered upon the report, which was afterwards affirmed at the General Term of the Common Pleas.

I have quoted thus liberally from the pleadings to show precisely what is the real question in controversy. Arthur Donally, the judgment debtor, is not made a party, nor is John B. Moore, to whom the former made the general assignment of his property. It is not said or suggested that the assignment to him is fraudulent, or made to delay the creditors of the assignor. All we are to determine is the good faith of the bill of sale which transferred a portion of the debtor's property to Beattie. It was absolute upon its face, and, therefore, thought to be obnoxious to the charge of fraud. This suggestion ignores and disregards, altogether, the parol agreement to hold the property as security for the payment of Beattie's debt made at the time of its execution. Evidence of this agreement was properly admitted at the trial, upon the authority of *Despard* v. *Walbridge* (15 N. Y., 374, and 4 Seld., 416). This gave the bill of sale the character and effect of a 'mortgage, and nothing more. It was a mortgage of a part of the debtor's property to secure a particular debt. The mortgagee acquired nothing but a lien upon the assigned property, and the residuary interest, after the satisfaction of his debt, might have been reached by another creditor and appropriated to the payment of his claim. (*Leitch* v. *Hollister*, 4 Com., 211.)

It is also contended that the agreement, that the assignee should complete the assigned property in process of and in

part manufactured, and prepare the same for sale in the market, rendered the same fraudulent and void as against creditors within the principle of the case of *Dunham* v. *Waterman* (17 N. Y., 9). That was the case of a general assignment by an insolvent debtor, which consisted of unfinished machinery and materials, in trust for the payment of debts, with an express provision that the assignees should complete the manufacture, and work up the materials at the expense of the assigned fund, and prepare the same for sale in the market, as in their judgment might be advisable, so as to realize the greatest amount of money therefrom, and apply the proceeds when converted into money to the payment of the debts. The deed of assignment was adjudged fraudulent and void, not that the court denied the power to the trustees, by a reasonable expenditure of money, to complete and perfect the unfinished work in the exercise of a reasonable discretion, but because the debtor could confer upon his assignee no such power without creating delay, which the courts could not control and correct. The distinction was between a duty imposed by law and a power conferred by force of the deed. If an assignment containing such a provision was held valid, the courts must also hold that the debtor had a right to confer the power and vest it in his assignee, as a condition upon which he parts with his property. The case of a mortgage, of specific unfinished machinery, or goods in process of manufacture, with an agreement that the mortgagee should proceed to complete them for use and sale as security for the payment of a debt, does not fall within the principle or reason of the rule referred to, because the mortgagee does not acquire the entire legal and equitable interest in the property, and the residuary interest may be reached by execution or bill in equity at the suit of any other creditor.

The counsel for the plaintiff has made a critical examination of the testimony, and the result of the figures referred to therein, to show that in the settlement with the assignee John B. Moore, Beattie, the defendant, was allowed $200 to which he was not entitled. I decline to follow him in his examin-

Opinion of the Court, per BROWN, J.

ations and estimates, for the obvious reason that if the bill of sale is not open to imputation of fraud, but is to be upheld as legal and valid, and as the plaintiff has not sought to impeach the deed of assignment to John B. Moore, the former is not now in a condition to question or put in controversy the accuracy or good faith of the settlement between the latter and the defendant in this action.

The judgment of the court below should be affirmed with costs.

All the judges concurring,

Judgment affirmed.