LUCY A. MICHELSON, RESPONDENT, *v.* ELISHA S. FOWLER AND OTHERS, APPELLANTS.

*Levy under execution upon the interest of a mortgagor of chattels — deprives him of his whole interest, and not merely of an interest equal to the amount of the judgment.*

After the plaintiff had given a chattel mortgage upon a stock of goods owned by her, the goods were seized by a constable under an execution issued upon a judgment recovered against her. The defendants, who were then the owners of the chattel mortgage, brought an action of replevin against the constable and took the goods from him.

*Held,* that after the levy made by the constable the plaintiff had neither the possession nor the right to the possession of the goods, and that she could not maintain an action against the defendants to recover any balance that might remain after deducting the amount due upon the defendants' mortgage and the execution held by the constable.

That the constable holding the execution was entitled to recover of the defendants the full amount of the plaintiff's special interest in the goods levied upon and not merely the amount named in the execution; that consequently the defendants were not liable to the plaintiff for the same special interest.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to set aside two bills of sale made by the plaintiff.

The plaintiff was carrying on in her own name and separate from her husband the millinery business. Her husband had, however, bought some goods upon his own credit of one Browner which had gone into her business. Her husband owed Browner for these goods over $100, and also some other small sum. Browner sued plaintiff's husband to recover these demands, and in order to settle them the plaintiff gave Browner a bill of sale of her entire stock of goods absolute in form but upon the oral condition that he would retransfer it to her upon being paid $184.40, the amount of the aforesaid demands and costs of the suit, and in the meantime the plaintiff was to retain possession of her store and carry on the business as before. Fourteen days after the above transaction and on the 6th of December, 1879, the plaintiff executed and delivered to the defendants Fowler and Lyons another bill of sale of the same stock of goods. The plaintiff was then indebted to them in the sum of $161.12.

On the 8th of December, 1879, the said Browner assigned the first mentioned bill of sale to the defendants.

The bill of sale to Fowler and Lyons was absolute in form but was made upon the understanding that they were to allow the plaintiff to retain possession of the store and conduct the business as she had before, and from the proceeds of the business pay Fowler and Lyons both their and Browner's bills, and when these were paid Fowler and Lyons should retransfer the property to the plaintiff. It was understood that Fowler and Lyons were to give to plaintiff a separate writing to that effect, but they afterwards refused to do it. Both bills of sale were filed as mortgages in the proper clerk's office.

December 11, 1879, a constable having an execution against the plaintiff, duly issued upon a judgment which the plaintiff had suffered to be taken against her in the suit of one Johnson, levied upon the goods in the plaintiff's store. Thereupon the defendants, Fowler and Lyons, brought an action in the nature of replevin against the constable for the possession of the goods, claiming to be entitled to their possession ; and the constable not giving the sheriff

any undertaking to secure the return of the goods to him, the sheriff, who had taken them from the constable, delivered them to the defendants.

The referee held that the bill of sale to Browner was valid as a mortgage; that the bill of sale to Fowler and Lyons was void, because they did not give the agreement in writing to the plaintiff as they had agreed; and, further held, that after allowing the amount due upon the execution held by the constable, and the amount due on the Browner bill of sale, the plaintiff had a special property in the balance for which she might recover against the defendants Fowler and Lyons, and directed judgment accordingly.

*C. E. Stephens*, for the appellants.

*A. P. Smith*, for the respondent.

LANDON, J.:

The bill of sale to Browner was good against the plaintiff, as a mortgage, in the hands of the defendants Fowler and Lyons. Subject to the mortgage, plaintiff had a special interest in the property upon which the constable could levy. (*Smith* v. *Beattie*, 31 N. Y., 542; *Hall* v. *Sampson*, 35 id., 274; *Hathaway* v. *Brayman*, 42 id., 322; *Hull* v. *Carnley*, 11 id., 501, and 17 id., 202; *Goulet* v. *Asseler*, 22 id., 225.)

Passing by the bill of sale to Fowler and Lyons, at the date of their taking the goods from the constable, they, as the assignees of the bill of sale to Browner, were the owners of the goods, subject to plaintiff's special interest. That special interest the constable levied upon, and by virtue of it took possession of the goods. So that when the defendants took the goods from the constable the plaintiff had neither possession nor the right of possession. We have been constrained to hold in the replevin case of Fowler and Lyons against Haynes, these defendants against this constable, tried upon the same evidence and submitted upon appeal at the same time as the case now under discussion, that the constable, upon recovery by him, is entitled to recover the full amount of the special interest of the plaintiff in the goods levied upon, and not merely the amount of his execution. (*Buck* v. *Remsen*, 34 N. Y., 383.)

It follows therefore that the defendants are not also liable to the plaintiff for the value of the same special interest, for the constable's possession excludes that of the plaintiff.

The judgment must be reversed and a new trial ordered, costs to abide event.

LEARNED, P. J., and BOARDMAN, J., concurred.

So ordered.