Me An am, Ch. J.
Usury permeates this case and the veil, which disguises it, is too thin to obscure its presence. The transaction was simply this: “ Charles A. Thompson received $500 from the plaintiffs and gave them a conditional transfer of certain patent rights. The transfers contained defeasances, by which they were to become void, on payment of $1,000 for the aforesaid $500. If there had been an absolute sale of the patents for $500, with the liberty of repurchasing them at a future time for $1,000, with no obligation on the part of the borrower to repurchase at that price, the transaction would not have been per se usurious. If the transaction had assumed this form, the question whether it was made bona fide, or as a mere disguise to evade the usury laws, might have been one for the jury, on which their finding might hava been conclusive. But that is not the form in which tho question arises hero.
If the present transaction had been like the one stated, it would have required but one document expressing the sale at $500, with tho liberty of repurchasing at $1,000. The plaintiffs would have held the legal title to tho patents, and the borrower the mere option of repurchasing. There would have been no debt or obligation existing on the part of the person making the transfer.
In the_ present case, tho plaintiffs exacted from the borrower his note of $1,000, which is evidence of a loan to him from them, and the transfer provides that if this note is paid, the transfer is to become void. But suppose the note is not paid, what then? Is it to be returned or canceled? No.
It is to be retained by the plaintiffs and enforced by them if they elect to enforce it and the transfer becomes in legal effect a mere security for its payment. If the transfer means anything more than this, it follows that the $500 given by the plaintiffs to Charles A. Thompson and the $1,000 promised in return for it, have been fully paid and satisfied by the transfer of the patents, which belong as of right to the plaintiffs. The plaintiffs do not proceed on this theory. They are after the $1,000, and view the transaction as you will, no other conclusion can be reached than this, that in the end the plaintiffs were to have $1,000 for *728 the temporary use of $500. As before remarked, the transfers were mere securities for the payment of the $1,000. No particular form is necessary to constitute a mortgage, and whenever property has been transferred to secure a debt, the transferee takes merely as mortgagee. Smith v. Beattie, 31 N. Y., 542; Carr v. Carr, 52 id., 251. The subsequent renewal of the $1,000 note, by the giving of four smaller notes aggregating $1,050, the introduction of new parties, and the new agreement respecting them do not help the plaintiffs.
The transaction shows that they were usurers, and the statute condemns every act in the jiroceeding to the extent of avoiding all the securities given in furtherance of it.
No reasonable construction of the" transaction entitles the plaintiffs to a recovery, and the trial judge ought to have given a direction in favor of the defendants. The reason why the case was allowed to go to the jury, finds explanation in the circumstance, that no motion to dismiss was made and no direction for a verdict urged.
If the jury had made a proper disposition of the case, this course would have been justified by the result. .
But the jury found in favor of the plaintiffs, and the trial judge very properly set their verdict aside.
The order was properly made, and must be affirmed, with costs.
MoG-own and Pitshke, JJ., concur.