## THE GERMAN BANK, APPELLANT, *v.* JOSEPH O. MEYER, RESPONDENT.

*Attachment — proper in case of a fraudulent disposition of property mortgaged by, and left in the possession of, a debtor with a right to sell it and apply the proceeds in payment of his debt.*

A warrant of attachment is properly issued in an action where it appears that a debtor, being permitted to hold in his possession certain property mortgaged by him, and having the right to sell it provided he applied the proceeds in payment of the indebtedness for which it was mortgaged, secretly and fraudulently sold and disposed of it in fraud of his creditors.

*German Bank* v. *Dash* (60 How. Pr., 124) distinguished; *Farmers and Mechanics' Nat. Bank of Buffalo* v. *Lang* (87 N. Y., 209) followed.

APPEAL by the plaintiff from an order vacating and setting aside an attachment, with costs, made at a Special Term held in the county of Erie, and entered in the Erie county clerk's office on June 28, 1889.

The action was on contract to recover the amount due upon certain promissory notes made by the defendant and discounted by the plaintiff. An attachment was granted upon an affidavit made by the plaintiff's cashier, which contained, among other allegations, the following :

That, in November, 1888, the defendant then being indebted to plaintiff in the sum of $30,500, and being then owner of 40,000 bushels of barley malt in store in his iron-covered warehouse on Watson street in Buffalo, N. Y., transferred to said plaintiff, by an instrument in writing, made on November 23, 1888, the title to and the right of possession of 40,000 bushels of said barley malt, and made and delivered to this plaintiff a warehouse receipt, dated November 23, 1888, for said 40,000 bushels of barley malt, reciting that he had received the same in store, and that the same should be held subject to the written order of this plaintiff, and which property he, by the terms of said receipt, agreed to deliver on the written order of said plaintiff, and which transfer of title was made and warehouse receipt given to this plaintiff as security for the payment of said indebtedness, owing by defendant to plaintiff ; that defendant has frequently promised to deponent, within the last three months, that he would pay said note of $21,000 or a considerable part thereof when it matured ; that just prior to the maturity thereof he said to deponent that he, defendant, was going away for a few days and would not be in Buffalo when said note matured, but that he would return in a few days and would then take care of said note ; that on May 28, 1889, said defendant came to the banking office of the plaintiff in Buffalo and said to deponent that he, defendant, was unable to pay said note or indebtedness, that the malt was gone, that he had disposed of it, and lost it ; that deponent questioned defendant on said 28th day of May, 1889, and also on this 29th day of May, 1889, as to what he had done with said malt ; defendant said it was gone, but refused to say to whom he had sold or how he had disposed of it, or what he had done with the proceeds thereof, but said he was here and he was not going to run away, and plaintiff must do as he saw fit ; that deponent repeatedly asked for some

explanation as to defendant's conduct and condition, but could obtain no satisfaction, defendant merely saying that the malt was gone, and that he must have an extension, but refusing to say when or how, or to whom he had disposed of it, or where it now was, or what had become of the proceeds, if any; and deponent says that the said defendant has secreted and secretly disposed of his said property, to wit, 40,000 bushels of malt pledged as aforesaid to the payment of plaintiff's said demands, with intent and for the purpose of defrauding his creditors and particularly this plaintiff.

*John L. Romer*, for the appellant.

*Tracy C. Becker*, for the respondent.

MACOMBER, J. :

The warrant of attachment in this case was issued at the instance of the plaintiff upon the alleged ground that the defendant had assigned, disposed of or secreted property with the intent to defraud the plaintiff, within the meaning of the last clause of subdivision 2 of section 636 of the Code of Civil Procedure. The motion made at Special Term in behalf of the defendant was upon affirmative affidavits, as well as upon a claim that the affidavits upon which the writ was granted were insufficient to sustain the original order. The learned judge at Special Term in his opinion says, that he disregards the moving affidavits, and bases his decision solely upon the ground of the insufficiency of the affidavit upon which the order was granted and the affidavit read in support thereof on the motion. The Special Term was of the opinion, further, that the question raised was identical with the one decided at Special Term in the case of the *German Bank, etc.*, v. *Dash* (60 How. Pr., 124). That decision proceeded upon the proof that the property which the defendant was accused of disposing of contrary to the statute, belonged wholly to the plaintiff in that action, in which the defendant had no interest. It was there held that the transfer by the defendant of property other than his own, and which he had a right to sell and account for the proceeds thereof, under an agreement with the plaintiff in that action, was not fraudulent as against creditors. The case, however, seems not to have taken into the account fully the true relationship existing between a party who

had pledged property for the payment of a debt and the person who had an absolute and unincumbered title thereto. The decision already referred to, is not consistent with the case of *The Farmers and Mechanics' Nat. Bank of Buffalo* v. *Lang* (87 N. Y., 209.) In that case, the warehouse receipts, with the exception of names and dates thereon, were in substance, the same as the one in the case at bar. There, as here, the owner who turned out the warehouse receipts, as security for advances already made, or thereafter to be made, agreed in writing that the property had been paid for; that the same was, at the time of entering into the agreement, free from all liens, charges and incumbrances, and that he does " hereby transfer title to said bank." In the absence of the intervening rights of creditors, and while the question exists only between the original parties to the transaction, the fact that the property pledged was not actually put into the possession or custody of the person to whom the warehouse receipts were delivered is unimportant. The true inquiry is, what was the real transaction, and not, what were its formal parts. As the court in the last named case say : " It was not intended that the property pledged should actually and in bulk be transferred to the possession of the pledgee, but that result was to be reached by setting aside specific property to be represented by what are termed in the case, '.warehouse receipts.' * * * They in no manner transferred the possession of the property, or represented any such actual transfer. There was, therefore, never any valid pledge by the borrower, nor any actual warehouse receipt. What was so called simply operated, in each instance, to transfer the title of the property described, as between Weppner and the bank, and such transfer, being collateral to the payment of a debt, could operate only as a mortgage. The recital in the defendant's agreement indicated an intention to pledge property to the bank, while the actual arrangement was valid only as a mortgage." (See, also, *Smith* v. *Beattie,* 31 N. Y., 542; *Leitch* v. *Hollister,* 4 id., 211; *Ely* v. *Carnley,* 19 id., 496.) We cannot concur, therefore, in the conclusion of the opinion of the learned justice that the defendant had no such title to property as that a fraudulent transfer thereof would enable a creditor to ask for a writ of attachment against his property.

The order, however, which was entered, has no such limitation of its scope as is indicated in the opinion. It is general in its terms granting the motion, and it appears to have been made upon the moving as well as upon the original and opposing affidavits. The affidavit made by the defendant himself upon this motion, while denying in a general way, all intent to defraud the plaintiff, does not contain that relation of facts touching the transfer of this large amount of barley malt, covered by the warehouse receipts, as the court should be led to expect upon such a motion. He fails to show to whom he sold the barley malt, for what prices, and to what places it was shipped. There appears in his affidavit to be a studied concealment of the true facts surrounding that transaction, save the positive assertion that he had a right to sell the same by the special direction of the officer of the bank. He is corroborated in this last allegation by the affidavit of the attorney of record, who had an interview with the same officer in the presence of the defendant, when it is alleged the admission was made that the defendant had a right to sell the barley malt. This may be conceded to be true without impairing the sufficiency of the warrant of attachment, because the question is not whether the defendant sold the property or disposed of it, but whether he so disposed of it with the intent to defraud creditors, and among them the plaintiff. This is the foundation of the claim against the defendant; that, being permitted to hold in his possession this property, and tacitly having the right to sell it, provided he applied the proceeds in payment of the indebtedness for which it was mortgaged, he secretly and fraudulently sold it or disposed of it, and thereby cheated his creditors. This, in our judgment, brings the defendant within the operation of subdivision 2, section 636 of the Code of Civil Procedure.

For these reasons we think the order appealed from should be reversed, with ten dollars costs and disbursements.

BARKER, P. J., and DWIGHT, J., concurred.

Order reversed, motion denied, with ten dollars costs and disbursements.