### BUTTON v. RATHBONE, SARD & CO.

*(Supreme Court, General Term, Fifth Department.* January 28, 1891.)

CHATTEL MORTGAGES—PRIORITY—SUBSEQUENT MORTGAGEE IN GOOD FAITH.

One who takes a chattel mortgage to secure a pre-existing debt, but parts with no obligation of the debtor or other right, is not a mortgagee in good faith, within 2 Rev. St. N. Y. p. 136, § 5, so as to entitle him to preference over a prior unfiled mortgage of the same chattels.

Exceptions from circuit court, Monroe county.

Action by Nelson L. Button against Rathbone, Sard & Co. Defendant moves for a new trial on exceptions taken at circuit, and ordered to be heard at the general term in the first instance.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Wm. F. Cogswell,* for plaintiff.   *Arthur L. Andrews,* for defendant.

MACOMBER, J.   The plaintiff at the circuit recovered a verdict for the value of certain merchandise, consisting of stoves, upon which a chattel mortgage had been given to him by the owner, one Francis Tully, Jr., for a loan of $1,200, made on the 28th day of March, 1884.   Tags indicating the ownership of the property in the plaintiff were affixed to the several stoves so mortgaged; but no actual possession of the property was delivered by the mortgagor to the mortgagee, nor was the mortgage itself filed until after the rights of the defendant accrued.   On the 13th day of June, 1884, Tully transferred and delivered to the defendant a portion of the property so mortgaged, and the defendant received such transfer in ignorance, and without any actual or constructive notice, of such pre-existing mortgage.   The court of appeals, (second division,) in this case, (118 N. Y. 666, 23 N. E. Rep. 122,) held that, under the statute, the fraudulent character of the plaintiff's mortgage was open to the defendant, and accordingly reversed the judgment of this court affirming a judgment entered on a former verdict of the jury at the circuit in favor of the plaintiff.   That decision was placed upon the ground that the defendant, by acquiring possession of the property covered by the chattel mortgage, without notice or knowledge of the plaintiff's unfiled lien, was in a position to question its validity.   Upon this sole ground the former judgment of this court was reversed.   At the new trial, now under consideration, close attention appears to have been given to this decision, and the case was accordingly submitted to the jury, under instructions that, unless the mortgage to the plaintiff had been shown to have been given in good faith, and without any intent to defraud the creditors of Tully or purchasers or mortgagees from him in good faith, the defendant should recover a verdict.   The charge of the court was made in accordance with 2 Rev. St. p. 136, § 5.   The verdict of the jury, therefore, in favor of the plaintiff upon this issue, removes one obstacle interposed by the defendant in the way of the plaintiff's ultimate recovery.   There is, however, still open to the defendant the contention that it was a purchaser or mortgagee in good faith under our statute of frauds, and that such purchase confers rights paramount to the plaintiff's mortgage, which was not filed in pursuance of the statute.   It is necessary, therefore, to inquire into the exact relation which the defendant bears to this property, under the uncontested facts appearing in the case.   By the terms of the transfer signed by Tully, under which the defendant claims, a consideration of $968.65 is recited to sustain such transfer, the bill of items of such indebtedness being prefixed thereto.   The paper is a bill of sale absolute in form.   Had this instrument been the whole of the writings between the defendant and Tully, undoubtedly the defendant would be held to be the absolute owner of the property described as against all parties except the plaintiff.   But simultaneous with the execution of that instrument the defendant in its turn, in consideration of the paper executed by Tully, agreed in writing

that, upon the payment to it by Tully of the sum of $1,000 in money within 20 days from the date thereof, (both papers being dated the 13th day of June, 1884,) it would reconvey and transfer all of the property so turned out to it to any person whom Tully might designate, and would release and discharge all indebtedness which it held against Tully, and that, in case of non-payment of such sum of $1,000 within the time mentioned, the agreement made by the defendant should be void. These two papers, taken together, constitute a chattle mortgage or a security in the hands of the defendant for the payment by Tully of the indebtedness owing by him. It matters not that the agreement is contained in two instruments, because the two papers must be construed together. The intention of the parties is to govern, and that intention is plainly read in the words to which the several parties have subscribed. *Smith* v. *Beattie*, 31 N. Y. 542. The situation, therefore, of the plaintiff and defendant is this: The plaintiff is a mortgagee in good faith of the personal property involved, having advanced the full value thereof at the time of receiving his security. The defendant, in ignorance of such pre-existing chattel mortgage, receives the property from the debtor, without notice, to be applied in the manner above stated, to the extinguishment, in whole or in part, as subsequent steps might determine, the indebtedness to it. Under these circumstances, the plaintiff's mortgage being valid as between the parties thereto, must, in pursuance of the verdict, be deemed to be valid also as against the defendant, unless the latter is a purchaser or mortgagee in good faith, within the meaning of the statute. 2 Rev. St. p. 136, § 5. When the act respecting the filing of chattel mortgages was passed, the term "*bona fide* purchaser" had acquired a settled meaning, which did not include a person whose purchase was on account of an existing debt, and who parted with no property or right to obtain his conveyance. *Van Heusen* v. *Radcliff*, 17 N. Y. 580. The precedent debt owing to the defendant by Tully did not make the defendant the purchaser or mortgagee in good faith. *Thompson* v. *Van Vechten*, 27 N. Y. 568. For a collation of the authorities upon the subject in general, reference may be made to the case of *Insurance Co.* v. *Church*, 81 N. Y. 218, showing in what cases the surrender by the creditor of the debtor's own obligation may or may not be regarded as a parting with value. But under the facts disclosed in the record before us, there is no room for a discussion of the refinements of the rule pertaining to the subject; for it is conclusively established, by the writings already referred to, executed between the defendant and Tully, that the defendant, on the delivery of the property to it, surrendered no rights and parted with no obligation of its own, or of any other person, but accepted the delivery of such property as a creditor, in pledge for the payment of a debt, with the privilege to the debtor to reclaim its possession on payment of a certain sum. This appears in the instrument signed by Tully, by which it is stated that the transfer was made "for value received, and the credit of $968.65 to me upon the account due from me to Rathbone, Sard & Co." The amount so stated was the actual appraised value of the property so turned out to the creditor. Rathbone, Sard & Co., in an instrument signed by its agent, agreed as follows: "Now, in consideration of the premises and for value received, the said Rathbone, Sard & Co. do hereby promise and agree that, upon the payment to them by said Tully of the sum of one thousanddollars in money within twenty days from the date hereof, they will reconvey and transfer all said goods specified in said bill to whom said Tully may designate, and also release and discharge all indebtedness which they so hold against said Tully; but in case of the non-payment of the said sum of one thousand dollars within said time this obligation to become void." There is nothing in the appeal papers to vary in any respect the conclusive character of these two instruments. The defendant gave up nothing in consideration of the receipt of the property. It merely placed to the credit of Tully the amount of the valuation of the property; but this,

even, was provisional only, for at the same time it was agreed that the property should be redelivered to Tully in case of payment of a sum substantially the same as the valuation which was made at the time mentioned. It appears to us that such evidence removes this case from the category of those where it can be reasonably contended that the party claiming against an unfiled chattel mortgage may prevail, upon showing a giving up of any valuable thing. The defendant parted with nothing. The motion for a new trial should be denied, with costs, and judgment directed for the plaintiff upon the verdict. All concur.