(71 Hun, 215.)

## SUSMON v. WYARD.

(Supreme Court, General Term, Second Department. September 11, 1893.)

BILL OF SALE—WHEN A MORTGAGE—POSSESSION OF PROPERTY.
    A bill of sale provided for a resale of the property on payment of $400 by the vendor, and that the property sold should remain in the possession of the vendor, who should pay the vendee $2.50 per week for its use. The property was sold under execution against the vendor, and was purchased by defendant. In an action by the vendee to recover the property,

plaintiff gave evidence that the transaction was an absolute sale, while defendant introduced evidence that it was a mortgage, and usurious. The court instructed the jury that, if the bill of sale was in reality given for a loan, it was a mortgage, and void. *Held,* that there was no ground for reversing a verdict for the plaintiff. Dykman, J., dissenting.

Appeal from Rockland county court.

Action by Israel Susmon against Grace N. Wyard to recover the possession of certain personal property alleged to belong to the plaintiff, and wrongfully detained by the defendant. The jury rendered a verdict for the plaintiff. From the judgment entered thereon, defendant appeals. Affirmed.

The plaintiff claimed title to the property under a bill of sale given by W. W. Wyard to him, which, after selling and conveying the property in question, provided as follows: "It is further understood and agreed by the parties. hereto that, if the said party of the first part pay unto the said party of the second part the sum of four hundred dollars within —— from the date hereof, the party of the second part agrees and will resell the property mentioned herein back to the said party of the first part. And it is still further understood and agreed by the parties hereto that the property mentioned herein and. specified in the schedule shall remain in the possession of the said William W. Wyard, party of the first part, he agreeing to pay the said party of the second part the sum of two dollars and fifty cents per week for the use of the said mentioned property in his baking business." In other respects the instrument was in the ordinary and usual form of a bill of sale. Defendant, the wife of William W. Wyard, claimed title as purchaser at a sheriff's sale under execution against William W. Wyard.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ..

A. S. Tompkins, for appellant.

W. H. H. Ely, for respondent.

BARNARD, P. J. The defendant is the wife of William W. Wyard. He executed to the plaintiff a paper in form of a bill of sale on the 18th day of July, 1892. The plaintiff claims title to the property conveyed by it to him. The property was left in the possession of the vendor, and by the bill of sale the sum of $2.50 a week was to be paid for the "use of the said mentioned property." The defendant claims title under a sheriff's sale thereof under execution against William W. Wyard. The only question litigated on the trial was whether this bill of sale was a mortgage or a bill of sale. The lawyer who drew it gives. evidence tending to show that the paper was a mortgage; that the loan was either $250 or $400; and that the $2.50 per week was possibly usurious. The plaintiff gave evidence tending to show that the bill of sale was absolute; that the consideration was $400, and was all paid; and that the rent reserved for the use of the property was what it purports to be in the bill of sale. The jury found for the plaintiff. There is no reason to reverse this verdict on appeal. The attorney who drew the paper apparently drew a bill of sale for a mortgage under his testimony, and his evidence was probably weakened by the fact that an unrecorded personal mortgage was of no use as a security, which fact was discussed, and a bill of sale given ·instead. Assuming

the bill of sale and the payment of the consideration, the possession of the property in the vendor subsequently was fully explained and shown to have been in good faith, and without any intent on the part of either party to defraud the creditors of the vendor. The charge of the county judge was eminently fair. The jury were told that, if the bill of sale was in reality given for a loan, it was a mortgage, and void as against the creditors of the vendor; that if the bill of sale was real, and was not made in good faith, then it was void. The jury has found that the bill of sale was absolute, and that the property was left in the hands of vendor, under a covenant for rent for the use of it, and that the paper was made in good faith, and without any intent to defraud creditors. The judgment should be affirmed, with costs.

PRATT, J., concurs.

DYKMAN, J., (dissenting.) This is an action for the recovery of personal property. It was commenced and tried in the county court of Rockland county, where the plaintiff obtained a verdict, and the defendant has appealed to this court from the judgment entered thereon, and from an order denying a motion for a new trial on the minutes of the court. The plaintiff claimed title to the property by virtue of a written instrument, which he insisted was a bill of sale, and the defendant bought it of Andrew Wood, who purchased the same at a sale under several executions against the property of William W. Wyard, the husband of the defendant, issued upon judgments against him. The judgments were all recovered on and before the 11th day of November, 1890. Two of the executions were received by the sheriff of Rockland county on the 13th day of November, 1890, and one of them was dated October 23, 1890, but it does not appear when it was delivered to the constable. It was conceded upon the trial, however, that the instrument under which the plaintiff claimed was filed in the office of the town clerk of the proper town on the 17th day of November, 1890, and all the executions against the property of W. W. Wyard had then been delivered to the executive officers. There was no change in the possession of the property at any time, but it remained with W. W. Wyard subsequent to the execution of the instrument, and was used by him the same as before, and was in his possession when seized under the execution.

It is important to determine the character of the instrument under which the plaintiff claims title to the property in question. The first portion of it contains language usually found in an absolute bill of sale, but in the latter part of the paper there is a statement that if the maker, Wyard, pays the sum mentioned, the plaintiff agrees to resell the property to him. Aside from this, the testimony shows clearly that the instrument was intended as a security for money, or against liability as an indorser of Wyard's paper. In our view, the instrument is, in legal effect,

a chattel mortgage. Although the plaintiff did not sign the instrument, he yet accepted the same, with the defeasance clause inserted, and he was thus under obligation to resell the property upon the receipt of the money he advanced, or the release of the obligation he had assumed as indorser. A bill of sale, absolute on its face, transferring property to be held as security for the payment of a debt due to the vendee, is a mortgage. Smith v. Beattie, 31 N. Y. 542. The rights of the plaintiff, therefore, were those of a mortgagee of chattels which remained in the possession of the mortgagor, and, based upon that foundation, the case of the plaintiff encounters many obstacles.

The judgments through which the defendant makes title were perfected, and the executions were issued thereon, and delivered to the officer for enforcement, before the chattel mortgage was filed in the clerk's office, and while the property remained in the possession of the mortgagor. The delivery of the executions to the officer created a lien upon the property subsequently seized under them and sold to Wood, the plaintiff's assignor. Ray v. Birdseye, 5 Denio, 619. Under all circumstances, a chattel mortgage must be filed, as required by the statute, before it becomes operative against a judgment creditor, (Id;) and, as this instrument was not so filed until a lien of the judgment had attached to the property by the issuance of the executions, the sales thereunder were valid, and conferred a valid title to the purchaser, whose rights have been acquired by the defendant.

It was erroneous to submit the question to the jury respecting the character of the instrument. That was a question of law to be decided by the court, and it was the duty of the trial judge to determine the question, instead of leaving it to the jury. Insurance Co. v. Austin, 69 N. Y. 477. The material facts in the case cannot be changed. The chattel mortgage was void as against the judgment creditors until it was filed, and, as the lien of the execution attached before such filing, the title made by the sale is valid, and must prevail. My own conclusion, therefore, is that the judgment should not only be reversed, and a judgment should be directed in favor of the defendant, and further litigation and expense be avoided, but, as my brethren are not prepared to concur in that view, the judgment and order denying the motion for a new trial are reversed, and a new trial directed in the county court, with costs to abide the event.