FRANK W. HASTINGS, JR., TRUSTEE IN BANKRUPTCY, PLAINTIFF IN ERROR, v. JOSIAH H. FITHIAN ET AL., DEFENDANTS IN ERROR.

Argued July 8, 1904—Decided March 6, 1905.

1. Where there is an indebtedness, and the effect of contemporaneous writings executed by the debtor and creditor is merely to transfer the property of the debtor to the creditor for the purpose of ensuring payment of the debt and to leave in the debtor a right to all that remains after the debt is paid, the writings constitute a mortgage.
2. The circumstances disclosed by the evidence in this case did not legally compel a determination by the trial court that an "actual change of possession" of mortgaged chattels had taken place, within the meaning of our Chattel Mortgage act.
3. The circumstances disclosed by the evidence in this case did not legally compel a determination by the trial court that the chattel mortgage under consideration created a voidable preference within the meaning of section 60, clause *b*, of the federal Bankrupt act.

---

On error to the Passaic Circuit Court.

For the plaintiff in error, *Carrick & Wortendyke.*

For the defendants in error, *Collins & Corbin.*

The opinion of the court was delivered by

DIXON, J. In the Passaic Circuit Court an action on the common counts was brought by Frank W. Hastings, Jr., as trustee in bankruptcy of Kruger & Stohn, against J. H. Fithian & Company, to recover the value of property transferred by the bankrupts to the defendants on August 25th, 1902. The cause was tried without a jury and the plaintiff recovered a judgment for the value of so much of the property as remained in possession of the defendants on December 23d, 1902, when the petition in bankruptcy was filed.

That judgment is now before us on writ of error, and assignments of error have been filed by each of the parties. These assignments will be considered in the order in which they are pleaded.

First, the defendants complain because the trial judge decided that a bill of sale made by the bankrupts to the defendants, and a certain writing simultaneously given by the defendants to the bankrupts, both dated August 25th, 1902, constituted a mortgage.

The bill of sale was in form absolute; the other writing was an agreement by the defendants to turn over to the bankrupts the net proceeds from the sales of the goods mentioned in the bill of sale, after they had repaid themselves the advances previously or thereafter made, with interest. The advances previously made were loans to Kruger & Stohn, and we must assume that those thereafter to be made were intended to be of the same character. The transaction therefore presented all the elements that have ever been deemed necessary to constitute a mortgage—an indebtedness, a transfer of property by the debtor to the creditor to ensure the payment of the debt and a right in the debtor to have all that remains after the debt is paid. These circumstances inevitably create a right to redeem by payment of the debt. *Shields* v. *Lozear*, 5 *Vroom* 496; *Crane* v. *De Camp*, 6 *C. E. Gr.* 414; *Pace* v. *Bartles*, 2 *Dick. Ch. Rep.* 170. In *Wilmerding* v. *Mitchell*, 13 *Vroom* 476, the instrument, claimed to be merely a mortgage, gave the creditors other rights than

that of making their debt out of the property, and for that reason was held not to be a mortgage. But no such condition exists here.

There was no error in adjudging that these instruments constituted a mortgage.

The second assignment of error on behalf of the defendants is because the trial judge found as a fact that the mortgage was not accompanied by the immediate delivery, and followed by an actual and continued change of possession, of the things described therein. As the mortgage was not recorded, our statute required such delivery and change of possession to render the mortgage valid against creditors. To support this assignment, it must appear that there was no evidence upon which the conclusion of fact could legally rest.

The testimony was that Kruger & Stohn were silk manufacturers in Passaic county; that the mortgaged property consisted of their stock, manufactured and unmanufactured, whether in their factory or in the hands of other manufacturers in process of finishing, and the appurtenances and appliances used in the manufacture; that on the execution of the mortgage the mortgagees appointed the mortgagors as their agents and representatives, and one of the mortgagees informed the superintendent of the mill that they had taken possession of the entire plant, and that thereafter the business, including the books and bank account, which previously had been carried on in the name "Kruger & Stohn," was conducted under the name "Kruger & Stohn, Agents."

The provision in our statute requiring, in the case of an unrecorded chattel mortgage, an immediate delivery and an actual and continual change of possession of the chattels to render it valid against creditors of the mortgagor, first appears in the act of March 24th, 1864 (*Pamph. L., p.* 493), and undoubtedly was taken verbatim from the New York act of 1833. By force of a familiar rule the legislature of this state, in adopting the words, must be presumed to have sanctioned the construction previously put upon them in the original jurisdiction. *De Raismes* v. *De Raismes,* 41

*Vroom* 15.  In 1842, the Supreme Court of New York adjudged that where the mortgagor had made a formal delivery of the chattels to the mortgagee, going around with him and pointing out the several articles, then the mortgagee had requested the mortgagor to take charge of the property and manage it as agent for a stipulated compensation, and the mortgagor had taken charge of it accordingly and thereafter had possessed it only as agent of the mortgagee, these facts would not warrant a jury in finding an actual change of possession.  *Camp* v. *Camp,* 2 *Hill* 628. . This view has always been adhered to in the courts of New York.  *Porter* v. *Parmley,* 52 *N. Y.* 185; *Steele* v. *Benham,* 84 *Id.* 634. The facts in the present case do not so differ from those just mentioned as legally to compel a determination that an "actual change of possession" had occurred.

These conclusions dispose of the other assignments of error filed by the defendants below.

The only assignment presented by the plaintiff is because the trial court ruled that the mortgage above set forth was not a preference under the national Bankrupt act.

The object which the plaintiff must have had in contending that this mortgage was such a preference was that under section 60, clause *b* of the act, he might avoid it and recover from the defendants the value of the mortgaged property. To accomplish this, it was necessary to show that when the mortgage was made the mortgagors were insolvent within the meaning of the act; that the effect of the mortgage would be to enable the mortgagees to obtain a greater percentage of their debts than any other creditors of the same class; that the mortgagees had reasonable cause to believe that the mortgagors intended to give a preference by the mortgage, and that within four months thereafter a petition in bankruptcy was filed.

Under the provisions of the act a person is "deemed insolvent whenever the aggregate of his property  *  *  *  is not, at a fair valuation, sufficient in amount to pay his debts." Section 1, clause 15.  The testimony produced at the trial

indicated that at the date of the mortgage the mortgagors owed the mortgagees about $21,000, and other creditors about $7,000; that the mortgaged property had cost and was probably worth $14,902, and that Kruger & Stohn had, besides, a right to a bill of sale from J. H. Fithian & Company for the machinery and fixtures in the silk mill on paying to the latter $20,000 of the debt above mentioned, part of which had been advanced for the purchase of the machinery and fixtures. In the case presented to this court there is nothing to indicate the value of that property, but evidence of its value appears to have been laid before the court below, and we must assume that it supported the finding of that court that the mortgage was not a preference. If it showed that the value of the property would amount to $14,000, it would have that effect by negativing the insolvency of the mortgagors.

The evidence also tends to prove that the object of the mortgagors in giving the mortgage was to obtain from J. H. Fithian & Company further advances in order to meet the pressing claims of other creditors, and advances to the amount of $5,643.04 were forthwith made and used for that purpose. This rendered it a question of fact whether J. H. Fithian & Company had reasonable cause to believe that Kruger & Stohn were intending to give a preference by the mortgage.

In this condition of the evidence it was not legally erroneous for the trial court to find that a voidable preference was not proved. A preference not voidable was immaterial in this suit.

The assignments of error are not supported; and therefore the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, GREEN. 10.

*For reversal*—VROOM. 1.