DAVID STRAUS COMPANY, complainant,

*v.*

COMMERCIAL DELIVERY COMPANY, defendant.

[Decided November 15th, 1920.]

Appeal of Morris Plan Company.

On appeal from an order of the court of chancery.

*Messrs. Riker & Riker, Mr. R. Randolph Hicks* and *Mr. Harold H. Kissam,* for the appellant.

*Messrs. Furst & Furst,* for the respondent.

PER CURIAM.

This is a controversy between the receiver of the Commercial Delivery Company, on the one side, and the Morris Plan Company of New York and H. G. Farnum and others, known in the case as the truck drivers, on the other side.

When the receiver assumed charge of the assets of the Commercial Delivery Company, after it had been adjudged insolvent, he found in its garage certain motor trucks. These he took possession of as the property of the insolvent corporation. Thereupon, the Morris Plan Company and the truck drivers filed a petition with the court praying that the receiver might be directed to surrender these trucks to them, the truck drivers alleging that they had purchased them from the Commercial Delivery Company before insolvency, and the Morris Plan Company urging that all the right, title and interest in these trucks had been assigned to it for full consideration by the Commercial Delivery Company while it was still in a solvent condition. The receiver filed a cross-petition averring that the corporation which he represented had not made an unconditional sale of

these trucks to the truck drivers, but had executed leases for them by the provisions of which the title to the trucks was to remain in the lessor until the several lessees had fully performed the conditions of the lease, including the payment of the sums fixed as the purchase price, and asserting that all of the conditions had not been complied with, and that the full amount of the purchase price had not been paid. He also denied in his petition that the Commercial Delivery Company had sold outright to the Morris Plan Company all its right, title and interest in the trucks.

The hearing on these petitions was had before Vice-Chancellor Lane and he advised an order adjudging (1) that the truck drivers were not entitled to the present possession of the trucks, but reserving for further consideration the determination of their rights, if any, in the proceeds of the sale thereof; (2) that the Morris Plan Company was not the owner of the legal title to these trucks, for the reason that the assignment to it was made as collateral security for the payment of a debt due from the Commercial Delivery Company to it; that this assignment was, in legal effect, a chattel mortgage, and, as such, void against the receiver for lack of record, there being no change in possession; (3) that these trucks were "perishable and liable to deterioration in value, pending litigation as to the respective rights of the parties," and that they should be sold by the receiver. The Morris Plan Company and the truck drivers appeal from the first and second of these adjudications.

We concur in the view of the vice-chancellor that, under the proofs submitted to him, the truck drivers are not entitled to the present possession of the trucks as against the receiver, who represents the creditors of the insolvent corporation. We also agree with him in the view that the assignment upon which the Morris Plan Company bases its claim to the legal ownership and present right of possession of these trucks does not operate as an out-and-out sale thereof, but was intended by the parties thereto as a pledge of the right, title and interest of the Commercial Delivery Company for the purpose of securing its indebtedness to the Morris Plan Company; that it was, in its legal effect, a chattel mortgage, and, therefore, void as against the receiver and

the creditors of the Commercial Delivery Company, because not recorded as required by the provisions of the Chattel Mortgage act, there having been no change in the possession of the property pledged.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—8.

*For reversal*—SWAYZE, BERGEN, BLACK, WHITE, ACKERSON—5.