## In re B & B MOTOR SALES CORPORATION.

(District Court, D. New Jersey. January 18, 1922.)

1. **Sales ⊕=465—Unrecorded conditional sale is valid between buyer and receiver of assignor.**

   Under Uniform Conditional Sales Act N. J. § 1, defining seller, and section 4, making conditional sales valid as to all persons, except purchasers or creditors without notice from the buyer, an unrecorded conditional sale contract, which was subsequently assigned by the seller, is valid as between the buyer and the receiver in bankruptcy of the seller, who had retaken possession of the property.

2. **Chattel mortgages ⊕=1—Right of redemption is essential.**

   To constitute a mortgage, the right of redemption must exist, and where such right is established the form of the conveyance is not controlling.

3. **Chattel mortgages ⊕=85—Assignment of chose in action as security is not "chattel mortgage," within New Jersey act.**

   An assignment of a chose in action, even if it be as security for the payment of a debt, is not a "chattel mortgage," within the meaning of the New Jersey Chattel Mortgage Act, requiring recording, which applies only when the goods mortgaged are capable of such open and visible possession that their holding by mortgagor might tempt some one to deal with him as absolute owner.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

4. **Bankruptcy ⊕=184(2)—Absolute assignment of conditional sale contract is not "chattel mortgage," within act.**

   An absolute assignment by a seller of a conditional sale contract and the notes secured thereby, under which the seller reserved no right of redemption, is not a "chattel mortgage," within the New Jersey Chattel Mortgage Act, requiring recording, but, although not recorded, entitles the assignee to possession of the property after buyer's default, as against the creditors of the assignor, represented by receiver in bankruptcy.

5. **Bankruptcy ⊕=140(1)—Possession by bankrupt, retaken after assignment of conditional sale, gave no right to receiver.**

   Where the seller of a motor truck by conditional sale contract had absolutely assigned a contract and the note securing it to another, the fact that the seller had retaken possession of the property after the buyer's default, and had it in possession when a receiver in bankruptcy was appointed for the seller, gave the seller and his receiver no property right in the truck as against the assignee.

In Bankruptcy. In the matter of the B & B Motor Sales Corporation, bankrupt. On exceptions to the master's report, denying the petition of the First People's Trust that a motor truck held by the receiver be delivered to petitioner. Master's findings disapproved, and order entered, giving petitioner possession of the truck.

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry Green, of Newark, N. J., for First People's Trust.
Barney Larkey, of Newark, N. J., for receiver.

RELLSTAB, District Judge. The First People's Trust excepts to the master's findings that it is not entitled to Apex truck No. 5365, found in the possession of the B & B Motor Sales Corporation (hereinafter called the bankrupt) at the time the receiver took charge of the bankrupt's estate. The facts are:

The bankrupt carried on the business of buying and selling auto trucks. On July 12, 1920, it agreed in writing with Robert Jones to sell him the truck in question for $1,955, payable in monthly installments. In this writing (called a "conditional sale agreement"), signed by both parties, it was declared, inter alia, that the bankrupt had that day delivered the truck to the buyer; that the title to the truck was not to pass to the buyer, but was to "remain vested in and be the property of the seller, or assigns, until the purchase price has been fully paid"; that, if Jones failed to pay any of the installments when due, the bankrupt might, without demand, notice, or process, take possession of the truck, whereupon Jones' right therein should terminate absolutely, and all payments made thereon be retained by the bankrupt as liquidated damages and rent. At the same time Jones executed two notes to the bankrupt, one for the sum of $1,427.15 (in the conditional sale agreement recited to be the balance to be paid on the truck), payable in 12 monthly installments, wherein it was declared that, "upon default in the payment of any installment when due, the whole amount remaining unpaid shall immediately become due." The other note represented the remainder (or some part of it) of the purchase price.

Both the conditional sale agreement and the $1,427.15 note subsequently were transferred by the bankrupt to the First People's Trust. The transfer of the agreement is dated July 12, 1920, and recites that it is simultaneous with the purchase of the note; in terms it sells, assigns, and transfers the bankrupt's right, title, and interest in the automobile in question, and also in the conditional sale agreement, and asserts that the automobile was sold, and not consigned, to the buyer. The transfer of the note bears no date, is in the form of an indorsement, guarantees payment of the note, principal and interest, waives demand and protest, and is signed by the bankrupt, by its president and secretary, and by the same persons individually.

Jones had possession of the truck for several months, and, after making some of the stipulated payments, defaulted in further payments on both notes; the bankrupt repossessed itself of the truck, and was in possession thereof at the time the receiver took charge. Neither the conditional sale agreement nor the assignment was recorded. No rights or interests of any purchaser or creditor of Jones, the buyer, are involved in these proceedings; the controversy being exclusively between the assignee of the conditional sale agreement and the creditors of the bankrupt (seller).

The master held that the assignment of the conditional sale agreement "was to act as a mortgage for the payment of the note," and that, as neither the conditional sale agreement nor the assignment had

"been recorded in accordance with the laws of the state of New Jersey, and * * * the B & B Motor Sales Corporation had repossessed the truck, and had it in its possession at the time of the appointment of the receiver," the receiver, and not the First People's Trust, was entitled to it.

[1] First, as to the conditional sale agreement: The New Jersey Uniform Conditional Sales Act, approved April 15, 1919, effective from July 4, 1919 (P. L. N. J. p. 461), in section 1, defines a seller as—

"The person who sells or leases the goods covered by the conditional sale, or any legal successor in interest of such person."

In section 4 it declares that—

"Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

The exceptions here referred to are contained in section 5, which declares that—

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

From this recital it will be seen that, as no purchaser from, or creditor of, Jones is questioning the validity of such reservation, as between the bankrupt and Jones the reservation to the bankrupt of title and property in the truck was valid, notwithstanding the failure to record the agreement.

Second, as to the assignment of the conditional sale agreement: The New Jersey Chattel Mortgage Act (Revision of 1892) 1 Comp. Stat. N. J. p. 463, in section 4, declares:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder of said mortgage, his agent, or attorney, stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon, be recorded as directed in the succeeding section of this act."

[2, 3] To constitute a mortgage, the right of redemption must exist, and where such right is established the form of the conveyance is not controlling. Wilmerding, Hoguet & Co. v. Mitchell, 42 N. J. Law (13 Vr.) 476; Hastings v. Fithian (E. & A.) 71 N. J. Law (42 Vr.) 311, 60 Atl. 350. An assignment of a chose in action, even if it be a security for the payment of a debt, is not a chattel mortgage within the meaning of the New Jersey Chattel Mortgage Act. Bleakley v. Nelson, 56 N. J. Eq. (11 Dick. Ch.) 674, 39 Atl. 912. This act applies only—

"when the goods mortgaged are capable of such open and visible possession that their holding by a mortgagor who had given a secret mortgage might tempt some one to deal with him as the absolute owner." Cumberland National Bank v. Baker, 57 N. J. Eq. (12 Dick. Ch.) 231, 242, 40 Atl. 850.

[4] The assignment now under consideration was not given as a security. It was an absolute transfer of the seller's property and interest in the conditional sale agreement and the automobile mentioned therein, without right of redemption. By this assignment the People's Trust became the "legal successor in interest," referred to in section 1 of the Uniform Conditional Sales Act, supra, and the reservation of property contained in the conditional sale agreement was transferred to it by the assignment. The assigned agreement recited that the automobile had been delivered to the buyer, and the assignment expressly recited that it had been sold to Jones (the buyer), and the assignor at the time of the assignment was not in a position to retain the automobile, or to deliver it to the assignee. What the assignor could deliver to the People's Trust was the conditional sale agreement, and that was done. Had the transfer been to secure a debt, the delivery of the conditional sale agreement would savor more of a pledge than a chattel mortgage; but as the assignment was absolute, and not conditional, it was neither.

Such a transaction is not contemplated by the Chattel Mortgage Act, which covers transactions where the title, but not possession, is transferred; but by the Uniform Conditional Sales Act, supra, which operates upon transactions where the possession, but not the title, is transferred. The right of the People's Trust to the automobile is fixed by the assigned conditional sale agreement, and is superior to the rights of the bankrupt or its creditors—here represented by the receiver.

As opposed to this view, and in support of the master's finding, the case of David Straus Co. v. Commercial Delivery Co. (N. J. Ct. Ch.) 113 Atl. 604, affirmed by the Court of Errors and Appeals, 112 Atl. 417, is cited by the receiver. That case, made up of facts which existed before the Uniform Conditional Sales Act went into effect, presents many features similar to the instant case. However, the differences, and not the similarities, are controlling. The pertinent facts were: Coincident with the agreement (called a lease) relating to the delivery and use of the automobile truck, the lessee (driver) entered into a service contract with the lessor (Commercial Delivery Company). In that contract the driver agreed to work the truck under the direction of the lessor for two years, and in no other way than as directed by it, and to deliver to the lessor the entire gross monthly earnings. The contract also provided that out of these moneys the latter was to retain a certain percentage for its services, pay the wages of the drivers, storage charges, repairs, etc., and credit the balance to the driver, and that the truck should at all times be stored in a garage furnished by the lessor. The lessor assigned to the Morris Plan Company all its right, title, and interest in the lease and the property therein described, and agreed, "in the event of any resale, release, or repossession of said property," to pay to the assignee any deficiency between the net proceeds of such resale and the amount necessary to pay the unpaid in-

stallments. At the time of this assignment the assignee took a note, made jointly by the assignor and the driver, for the sum advanced by the assignee as consideration for the assignment. Subsequently an equity receiver in insolvency proceedings was appointed for the lessor, and the receiver found it in possession of the truck. The Morris Plan Company petitioned that the truck be delivered to it as the legal owner thereof. The Vice Chancellor held that the assignor was a debtor of the assignee; that the assignment was not an absolute sale of the truck, but collateral security for the payment of the debt; that while the lease apparently gave the right of possession to the driver (lessee), the actual possession, by reason of the service contract, was always in the lessor; that the assignment of the lease was in legal effect a chattel mortgage; and that, not having been recorded, it was void as against the receiver and creditors of the assignor. As already stated, this finding was affirmed by the Court of Errors and Appeals.

In the cited case, as noted, it was held that the possession, as well as the title, of the truck was in the lessor at the time of the assignment of the lease or sale agreement, and that the assignment was not an absolute sale of the agreement, but a security for the payment of the advances made by the assignee for which payment the assignor was jointly liable with the driver. In the instant case, the actual, as well as the right of, possession of the truck was not in the bankrupt, but in a third person—the buyer—and the assignment was an absolute transfer of the bankrupt's property in the conditional sale agreement, without right of redemption. These differences are essential, and distinguish the cases.

[5] The fact that the truck was taken from the buyer by the bankrupt subsequent to the latter's assignment of the conditional sale agreement gave it no property or right in the truck as against its assignee, the First People's Trust. Whatever rights such possession gave it as against the buyer, they were subordinate to the assignee's right of possession on the buyer's default in the terms of the conditional sale agreement then held by the assignee. Such default having taken place, the assignee is entitled to the possession of the truck.

The master's findings are disapproved, and an order will be made giving the First People's Trust the possession of the truck in question.