In re MORLEY.

No. 9884.

District Court, M. D. Pennsylvania.

Nov. 10, 1939.

Esdras F. Howell, of Scranton, Pa., and John W. Mahaley, of Coudersport, Pa., for petitioner.

William F. DuBois, of Coudersport, Pa., for respondent.

JOHNSON, District Judge.

This is a petition to review the decision of the referee denying the claim of Genesee Milling Company for reclamation of certain chattels upon the land of the bankrupt.

October 21, 1930, the chattels of Seth W. Morley, now bankrupt, were sold at sheriff's sale to A. A. Raymond, execution creditor, the goods being left on the premises of Morley. Later, A. A. Raymond's executors entered into a bailment lease for these chattels with Seth W. Morley. This lease the executors assigned to Genesee Milling Company, claimant. At all times actual possession of the chattels has been in Seth W. Morley. From this fact the referee has found that the transfer of title at sheriff's sale and subsequently into the Genesee Milling Company was fraudulent as to creditors of Seth W. Morley, and hence title thereto passes to the trustee in bankruptcy under section 70 of the Act, 11 U.S.C.A. § 110. The referee's conclusion would be correct had the original transfer of title to A. A. Raymond been by act of the owner, but Pennsylvania law is clear that "continuance in possession of personal property, after the same has been publicly sold under execution and purchased by a third person is not even prima facie evidence of fraud, so as to subject it to the creditors of the execution defendant."

Levy v. Wallis, 4 Dal., Pa., 167, 1 L.Ed. 785; Myers v. Harvey, 2 Pen. & W., Pa., 478, 23 Am.Dec. 60; Maynes v. Atwater, 88 Pa. 496; Miller v. Irvine, 94 Pa. 405.

The Genesee Milling Company also seeks to reclaim certain chattels alleged to have belonged to Chester Morley, son of Seth W. Morley, bankrupt, the claimant tracing its title by bill of sale and bailment lease, both dated July 19, 1938. At all times these goods have been on the land of Seth W. Morley, bankrupt. This claim, too, the referee has denied, apparently on the ground that to allow the claim would be to perpetrate a fraud upon the creditors of Seth W. Morley, bankrupt. Again the referee has erred. All the evidence produced before the referee is to the effect that these chattels were purchased by Chester Morley with his own money, that he never relinquished title to them except by bill of sale to Genesee Milling Company, dated July 19, 1938, and that said chattels were thereupon leased to him, Chester Morley, on bailment lease. The bankrupt's own testimony is to the effect that he, the bankrupt, never had any claim of title to these goods. If there is a question of title as between the Genesee Milling Company and Chester Morley because of lack of ostensible change of possession, that need not concern the referee here. It is sufficient that the Genesee Milling Company has made out a prima facie claim of title to these chattels, that the bankrupt admits he never had any right therein, and that there is no contradictory evidence. It is well settled that property of a third person in the possession of a bankrupt, where proper proofs of title are shown by the claimant, should not be included in the assets of the bankrupt's estate. In re Condon, 2 Cir., 198 F. 480; In re Thompson, D.C., 205 F. 556; In re B. & B. Motor Sales Corporation, D.C., 277 F. 808.

For the above reasons it is therefore ordered and decreed that the decision of the referee in the above matter be and the same is hereby vacated, and the rule granted to show cause why the above articles of personal property should not be set aside to the Genesee Milling Company and not included in the list of personal property of the said Seth W. Morley, bankrupt, be and the same is hereby made absolute.