# SUPREME COURT.

## Anson W. Johnson agt. Elisha Crofoot, Sheriff of Lewis County.

The lease of a dairy farm with a certain number of cows and other personal property for two years at a certain rent per annum, payable at a certain time made and executed by landlords to a tenant, which contained a clause as follows: "The party of the first part (landlords) are to have full title with the privilege of taking possession at any and at all times, of any and all products of the farm in payment of the balance due on the rent at the time of its payment."

*Held*, that this clause operated in favor of the landlords and their assignee as a mere security for money, and was necessarily in the nature of a *chattel mortgage ;* and the tenant being in possession of the farm and its products by an absolute lease, with the above exception, and the lease never having been filed as a chattel mortgage, the products of the farm were liable to execution and sale for the tenant's debts; no default having been made in the payment of rent. *

*Fifth District, General Term, October,* 1868.

*Before* Bacon, Morgan, Mullin *and* Foster, *Justices.*

Motion for a new trial on the part of the plaintiff upon a verdict for the defendant under the direction of the Judge.

On the 5th day of November, 1866, Miller & Rumble leased to one Barton E. Tifft a dairy farm in the town of Pinckney, Lewis County, with 40 cows and some other personal property, for the term of two years from December 1, 1866, at the yearly rent of $750. The lease provided that the milk of the dairy should be taken to a neighboring cheese factory to be manufactured into cheese, and when sold five-eighths of the proceeds to be paid to the landlord upon the rent, and at the last sale of cheese the tenant was to pay the balance of rent, if any remained due. The lease also contained the following clause:

"The party of the first part are to have full title with the privilege of taking at any and all times, of any and all products of the farm in payment of the balance due on the

*Note.—See *Van Hoozer* agt. *Cory,* 34 *Barb.,* 9: and *Andrew* agt. *Newcomb,* 32 *N. Y.,* 417.

rent at. the last factory sale, at which such milk is drawn and left unpaid by the party of the second part."

The lease also. provided that the tenant "should ·feed out the hay and straw in a careful and farmerlike manner, to cut and get in good order all the 'hay" and in case of deficiency of hay or straw on the farm to feed the stock, then the landlord was to furnish such deficiency.

. The landlord also reserved in the lease the right to re-enter and take possession of the farm at any time between the first day of December and the first day of March, in each year, in case he sold the farm during the term of the lease. Tifft, the tenant, went into the possession of the farm and personal property shortly after the execution of the lease. On the 8th day of July, 1867, Miller and Rumble, the lessors,sold the farm and assigned their interest in the lease and personal property to the plaintiff in this action. The plaintiff never had possession of the farm or personal property, but Tifft continued in possession as tenant under the lease from Rumble and Miller. On the 9th of August, 1867, Ballard and Hanchett of Watertown, recovered a judgment in the supreme court, against Tifft the tenant, for $630 upon which an execution was issued to the defendant as sheriff of Lewis county, August 10, 1867, by virtue of which he levied upon, and sold about sixty tons of hay on the farm, and raised thereon by Tifft, and being then in his actual possession, he being still in possession of the farm.

The plaintiff thereupon brought this action against· the sheriff for a wrongful taking and conversion of the hay, claiming title to it under the clause in the lease, and also claiming, that the title to the hay never passed to, or vested in the tenant, but was to remain on the farm for the purpose of feeding the stock.

The cause was tried at the Lewis circuit in October, 1867, before Justice MULLIN, and a jury and the foregoing facts were proved and it was conceded by the plaintiff that the lease had never been filed as a chattel mortgage.

Johnson agt. Crofoot.

At the close of the evidence the judge directed a verdict for the defendant, with leave to the plaintiff to move to set it aside and for a new trial at the general term.

A. J. MERENESS, *for plaintiff.*
D. O'BRIEN, *for defendant.*

*By the court,* FOSTER, J. The plaintiff as between him and Tifft, had only the interest in the hay in question of a chattel mortgagee; for such in fact was the clause in the lease from Miller and Rumble to Tifft, by which it was stipulated that Miller and Rumble were "to have full title, with the privilege of taking possession at any and all times, of any and all products of the farm in payment of the balance due on the rent at the last factory sale."

The lease to Tifft of the premises was absolute and with the exceptions of the proceeds of three-fifths of the milk to be sold to the cheese factory, he was the owner, and was entitled to the possession of it and the clause above set forth was a mere security for money; and necessarily in the nature of a mortgage. But it is argued by the counsel for the plaintiff that it was not a mortgage, and that the title to such hay as should grow on the place did not pass to Tifft because he stipulated in the lease that he would cut and get in in good order all the hay, and that he would feed out the hay and straw in a saving manner, and because it was further stipulated that he was "to have the privilege of keeping a span of horses all the time, and a third horse during haying" which, it is claimed, is inconsistent with the idea that the title to the hay was to be in him.

The answer to the argument is perfectly manifest. By the terms of the lease, Miller and Rumble bound themselves to supply all such hay as was necessary to winter the stock after the hay and straw raised on the place was exhausted; and therefore, they were interested in limiting the amount of stock to be kept and in providing that all the hay and

straw should be saved and carefully used, as though the title to it was in them.

The covenant on the part of Tifft to save all the hay and straw, and to carefully feed it to the stock, and to keep but two horses except during haying time, was only an agreement binding on him at law, and if he chose to keep more horses, or to sell or improvidently use the hay, it did not authorize Miller and Rumble to interfere with it, either by taking possession of it, (for they were entitled to possession *only* as security for the unpaid rent) or to restrain such use of it by injunction.

If so improperly used Miller and Rumble had but two remedies. They could refuse to supply the deficiency thus caused or sue at law upon the broken covenants.

As the only title that Miller and Rumble had to the hay was that of chattel mortgagees, that was the title they transferred to the plaintiff by the assignment to him of the counter-part of the lease. It was never filed as required by the statute to make it valid as against the creditors of Tifft. Tifft was in the actual possession when the levy and sale took place, and therefore, the plaintiff cannot recover. This question strikes at the foundation of the plaintiff's claim. There is no claim that the lease had ever been filed; and even if there were errors committed on the trial, a new trial would be useless, and I therefore see no necessity for examining the other questions raised in the case.

A new trial should be denied and judgment entered upon the verdict for the defendant.

Judgment accordingly.