## N. Y. SUPERIOR COURT.

### JOHN H. FORD agt. CHARLES B. RANSOM.

Where a *bill of sale* of goods, and a lease, absolute on its face, is executed to secure a previous debt, and the vendee executes a stipulation back, providing that the vendor shall have a certain time to pay the amount, and that the vendor shall retain undisturbed possession of the goods until the expiration of the time for payment:

*Held*, that the transaction is in effect, a chattel mortgage, and the vendor will be protected by injunction in his possession, until default in payment, as stated, upon the familiar principle that if a mortgagor be disturbed in his possession, before condition broken, he may bring trover or trespass against the mortgagee.

*Special Term, June,* 1870.

On or about the 24th day of December, 1868, Mr. John H. Ford, the plaintiff · in this action, was owing the defendant, Mr. Charles B. Ransom, the sum of $8,119 24, to secure which he sells to Mr. Ransom the stock of goods and fixtures, and executes and delivers a bill of sale for said goods and fixtures—Mr. Ford retaining possession and trafficking with said goods. Along with such bill of sale he executed an assignment of an unexpired lease which said Ford held of said premises. At the same time the defendant delivers back to the plaintiff · a written stipulation, securing to him (Ford) the possession of the goods and fixtures until the following 1st of January. This arrangement was made for the purpose of securing the defendant payment of $8,119 24, due him from the plaintiff. And hence, in the stipulation a clause was inserted allowing the plaintiff until the 1st of January, to pay the $8,119 24 and on payment of that sum revesting in the plaintiff the property in the goods and fixtures. It must be borne in mind that Mr. Ford still retained possession. Before the 1st of

Ford agt. Ransom.

January, the parties quarrel, and the defendant having attempted to take possession of the goods and fixtures and the lease, the plaintiff brings this suit to quiet him in his possession until the lapse of the period during which, by the terms of the stipulation, he was to remain in possession.

JOHN E. DEVELIN, *for plaintiff*.
JAMES M. SMITH, *for defendant*.

McCUNN, J.—Clearly, the plaintiff is entitled to the relief he solicits. The bill of sale and the stipulation being executed at the same time, between the same parties, in relation to the same subject matter, and in contemplation of the same object, constitute but a single contract; and thus it appears that by his own agreement, the defendant has renounced the right of possession under his bill of sale, and has secured possession of the chattels to the plaintiff until the expiration of the stipulated period. I am at a loss to conceive by what right the defendant can claim possession in defiance of his own solemn stipulation, conceding that by the bill of sale the *property* in the goods passed to the defendant, yet he was not to have *possession* until the 1st of January. The transaction is in effect a chattel mortgage. Indeed, in terms it fulfils all the conditions of a mortgage, there being a transfer by way of security, and a contingency on which the transfer should become void: viz., payment of the debt. Meanwhile, the vendee (mortgagee) assents that the vendor (mortgagor) shall remain in possession until default. Upon what principle, until that default, can the vendee claim possession of the goods? It is familiar learning, that if the mortgagor be disturbed in his possession before condition broken, he may bring trover or trespass against the mortgagee. Thus the rules of law no less than his own express agreement operate to prevent the defendant usurping possession before he has the right of possession. The mere statement of his claim exhibits its absurdity. It can scarcely

Ford agt. Ransom.

be thought necessary to cite authorities in support of the principle above propounded : but perhaps the defendant's counsel will be more fully convinced of the invalidity of his pretension when he consults *Johnson* agt. *Crofoot*, (53 *Barb.*, 574;) *Hall* agt. *Sampson*, (35 *N. Y.*, 277;) *Smith* agt. *Beattie*, (31 *N. Y.*, 542.)