HENRY N. HAWKINS, RESPONDENT, v. JAMES GILES, APPELLANT.

*Lease of a farm — when the title to the crops is in the tenant and subject to sale on execution against him.*

The defendant leased to one Converse a farm and seven cows from April 1, 1883, to April 1, 1884, and agreed to furnish sufficient hay to keep the cows to grass in 1883. Converse agreed to pay $175 rent and "to feed out all the fodder on said farm that is raised on said farm, * * * and winter said stock (seven cows) through to grass in the spring of 1884 on hay." In December, 1883, the plaintiff had an execution against Converse, under which about twenty-five tons of the hay grown upon the farm in 1883 was sold, the plaintiff becoming the purchaser. The defendant prevented the plaintiff from removing the hay, claiming that Converse had left the farm without fully paying the rent; that the hay was required to keep the cows through to grass, and that he was entitled to the manure which would be made by the hay being fed on the farm.

*Held,* that the title to the hay was in Converse, and was subject to sale on the execution against him, and that the plaintiff was entitled to recover its value from the defendant.

APPEAL from a judgment in favor of the plaintiff, entered in Oneida county upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Oswald P. Backus,* for the appellant.

*J. I. Sayles,* for the respondent.

FOLLETT, J.:

Appeal from a judgment entered upon a verdict for $133.88 damages, in an action for the conversion of hay. The record does not show that a motion for a new trial was denied on the minutes, though the notice of appeal assumes the existence of such an order. James Giles, defendant, leased to Lewis Converse a farm and seven cows from April 1, 1883, to April 1, 1884, and agreed to furnish sufficient hay to keep the cows to grass in 1883. Converse agreed to pay $175 rent, * * * and "to feed out all the fodder on said farm that is raised on said farm, * * * and winter said stock (seven cows) through to grass in the spring of 1884 on hay."

In December, 1883, the plaintiff had an execution against Con-

verse, under which about twenty-five tons of the hay grown upon the farm in 1883 was sold, the plaintiff becoming the purchaser. The defendant prevented the plaintiff from removing the hay, and this action was brought to recover its value. The defendant insisted that under the clause above quoted from the lease he was entitled to hold the hay as against the plaintiff, because: (1). Converse left without fully paying the rent. (2). The hay was required to keep the cows through to grass in 1884. (3). He was entitled to the manure which would be made by the hay being fed on the farm. The evidence does not show that the plaintiff before he purchased had notice of the provisions of the lease; it only appears that defendant forbade the sale.

The learned trial judge held that the plaintiff was entitled to recover the value of the hay, and directed the jury to assess the damages, to which defendant excepted. The defendant also asked the court to rule that he had title to the hay under the lease, and also asked to go to the jury upon the construction of the contract. *Johnson* v. *Crofoot* (53 Barb. 574; S. C., 37 How., 59); *Steffin* v. *Steffin* (4 N. Y. Civil Pro. R., 179; S. C., 17 N. Y. Weekly Dig., 418); *McCombs* v. *Becker* (3 Hun., 342; S. C., 5 T. & C., 550), are decisive that the title to the hay was in the tenant instead of in the landlord, and that it was subject to sale upon the plaintiff's execution.

The judgment must be affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.