ISRAEL SUSMAN, Respondent, *v.* GRACE E. WHYARD, Appellant.

BILL OF SALE — CHATTEL MORTGAGE. When the provisions of an instrument which is in form an absolute bill of sale, taken in connection with the surrounding facts, indicate that the parties contemplated a loan of money and a sale of the property, upon the condition, however, that the property should be returned upon payment of the money so loaned, the instrument is in effect a chattel mortgage; and the fact that it employs the term "re-sale" will not change its meaning, when no other sum than the amount of the loan is mentioned or contemplated as the price of such re-sale.

*Susman* v. *Whyard,* 71 Hun, 215, reversed.

(Argued March 10, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made at the May term, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict in the Rockland County Court, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. S. Tompkins* for appellant. The paper under which plaintiff claims his title was in law a chattel mortgage, and not an absolute sale of the property therein described, for the reason that it was given solely to secure a loan, and, further, that it ·contained a defeasance clause, and there was no change of possession. (*Smith* v. *Beattie,* 31 N. Y. 542; *Blake* v. *Corbett,*

120 N. Y. 327; *K. C. Bank* v. *Courtney*, 69 Hun, 152; *People* v. *Remington*, 59 Hun, 282; 126 N. Y. 654; *Woodsworth* v. *Hodgson*, 56 Hun, 236; *Button* v. *Rathbone*, 126 N. Y. 187; *Barnes* v. *Holcomb*, 12 Sm. & M. 306; *Hopkins* v. *Thompson*, 2 Parb. (Ala.) 433; *Brown* v. *Bement*, 8 Johns. 96; *Ford* v. *Ransom*, 39 How. Pr. 429.) The paper being a chattel mortgage and not being filed at the time the execution on the judgments against William W. Whyard were delivered to the sheriff, was void as against the purchaser at the execution sale, and the defendant who purchased from him. (Laws of 1833, p. 279, § 1; *Karst* v. *Gane*, 61 Hun, 533; *Crounse* v. *Johnson*, 47 N. Y. S. R. 559; *Stephens* v. *Perrine*, 143 N. Y. 476.) The execution having been received by the sheriff on the 13th day of November, 1893, and prior to the filing of said mortgage, a lien was at once created in favor of the judgment, and prior to the lien on the mortgage. (*France* v. *Hamilton*, 26 How. Pr. 180; *Ray* v. *Birdseye*, 5 Den. 619; *Warren* v. *Paine*, 3 Barb. 630; *Slade* v. *Van Vechten*, 11 Paige, 21.) Even if the paper was a bill of sale it was void as to the creditors of the said William W. Whyard under whose judgments the defendant got title. (2 R. S. 135, § 5; *Siedenbach* v. *Riley*, 111 N. Y. 560.) The court erred in submitting to the jury the question whether there was an absolute sale of the property to the plaintiff or whether the paper was given only to secure a loan. (*A. F. Ins. Co.* v. *Austin*, 69 N. Y. 476.)

*I. H. Maynard* for respondent. The instrument executed by William W. Whyard to the plaintiff on October 28, 1890, was upon its face an absolute, unconditional and indefeasible conveyance of the property described by Whyard to the plaintiff, and construing the instrument according to its express terms it was a bill of sale and not a chattel mortgage. (*Macaulay* v. *Porter*, 71 N. Y. 173; *Randall* v. *Sanders*, 87 N. Y. 578; *Pond* v. *Harwood*, 139 N. Y. 111; *Baker* v. *Thrasher*, 4 Den. 493; *P. T. & S. Co.* v. *Schirmer*, 136 N. Y. 305.) The evidence was sufficient to sustain the finding

of the jury that the bill of sale was made and taken in good faith and without any intent to defraud the creditors of Whyard.  (*P. T. & S. Co.* v. *Schirmer*, 136 N. Y. 305.)

HAIGHT, J.   This action was for the claim and delivery of personal property.   The title of the plaintiff is founded upon a written instrument bearing date the 28th day of October, 1890, executed by William W. Whyard to the plaintiff, which is in form an absolute bill of sale of the property in controversy, but which concludes as follows : "And it is further understood and agreed by the parties hereto that if the said party of the first part pay unto the party of the second part the sum of four hundred dollars within from the date hereof, the party of the second part agrees and will re-sell the property mentioned herein back to the said party of the first part. And it is further understood and agreed by the parties hereto that the property mentioned herein and specified in the schedule shall remain in the possession of the said William W. Whyard, party of the first part, he agreeing to pay the said party of the second part the sum of $2.50 per week for the use of said mentioned property in his baking business."

Judgments were subsequently obtained against Whyard, upon which executions were issued and the property in controversy levied upon and sold to one Wood, who subsequently conveyed the same to the defendant.   The instrument under which the plaintiff claims was not filed as a chattel mortgage until after such levy.

At the conclusion of the evidence the defendant requested the court to direct a verdict in her favor, upon the ground that the instrument under which the plaintiff claimed was a chattel mortgage, and, not being filed, was void as against the creditors of Whyard.   This motion was denied and an exception taken.

The question presented for our determination is as to whether the instrument is in effect a chattel mortgage or an absolute bill of sale of the property to the plaintiff.

In determining this question we must ascertain the intent

of the parties as disclosed by the instrument in the light of the surrounding circumstances under which it was executed.

It appears from the testimony of the plaintiff that he had previously loaned Whyard the sum of one hundred dollars, and that eighty dollars still remained unpaid, for which he held his promissory note. That Whyard applied to him for a further loan amounting to four hundred dollars, and offered to give him a chattel mortgage to secure its payment. That the plaintiff replied to him, saying : " I don't take any chattel mortgage." And then Whyard said to him that he would give him a bill of sale. . This proposition appears to have been accepted, and the instrument in question was executed and delivered to the plaintiff. On the cross-examination the plaintiff was asked : " When were you to give back the bill of sale," to which he answered : " As soon as he paid me the money. That is in the paper itself."

We thus have an application for a loan of money, the offer to secure its re-payment by the giving of a chattel mortgage, the refusal of the plaintiff to accept the chattel mortgage, but his acceptance of the instrument in question instead, and his acknowledgment that the instrument was to be given back when the money was re-paid to him.

These facts, taken in connection with the provisions of the instrument, seem to indicate that the parties contemplated a loan of money and a sale of the property, upon the condition, however, that the property should be returned upon the payment of the money so loaned. This in effect is a chattel mortgage.

We are aware that a " re-sale " is mentioned in the instrument. This, however, does not tend to change its meaning, for no other sum is mentioned or contemplated, other than the amount of the loan as the price for such re-sale.

In Jones on Chattel Mortgages, page 1, a mortgage of personal property is defined to be " A conditional sale of it as security for the payment of a debt or the performance of some other obligation ; the condition is that the sale shall be void on the performance of the condition named."

In *Parshall* v. *Eggert* (54 N. Y. 18, 23) it is defined to be a present transfer of the title of the property mortgaged, subject to be defeated on payment of the sum or instrument it is given to secure.

In *Smith* v. *Beattie* (31 N. Y. 542) it was held that a bill of sale, absolute upon its face, transferring property to be held as security for the payment of a debt, is in effect a mortgage.

In *Blake* v. *Corbett* (120 N. Y. 327) the instrument under consideration was in form a bill of sale of personal property with a provision that the property should remain in the possession of the vendor for the period of eight months, and if during that period the indebtedness should be paid the conveyance should be null and void. It was held that the instrument contained all the essentials of a chattel mortgage. (See, also, *McCaffrey* v. *Woodin*, 65 N. Y. 465; *Bragelman* v. *Daue*, 69 N. Y. 69; *Button* v. *Rathbone*, 35 N. Y. S. R. 169; affirmed, 126 N. Y. 187; *Brown* v. *Bement*, 8 Johns. 96; *Ford* v. *Ransom*, 39 How. Pr. 429.)

We are aware that a defeasance may be attached to a deed or a bill of sale and not have the effect of converting the instrument into a mortgage. As, for instance, an article sold in the process of manufacture may be left with the manufacturer for completion. A sale of lands may be made with an agreement between the parties that it shall be held for a re-sale with a division of the profits. (*P. T. & S. Co.* v. *Schirmer*, 136 N. Y. 305; *Randall* v. *Sanders*, 87 N. Y. 578; *Macaulay* v. *Porter*, 71 N. Y. 173; *Pond* v. *Harwood*, 139 N. Y. 111.)

But these cases are clearly distinguishable from that which we have under consideration. They do not involve the construction of an instrument where the intention of the parties was a loan of money and the giving of collateral security for its re-payment.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except ANDREWS, Ch. J., not voting.

Judgment reversed.