EDWINA E. STALKER *vs.* EUNICE HAYES.

First Judicial District, Hartford, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

Unless payment can be inferred as a legal conclusion from the allegations of the complaint, it must be specially pleaded in order to be available as a defense.

In determining whether a writing is a mortgage or a contract of conditional sale, the trial court may properly take into consideration the intent or purpose of the parties as disclosed by the language of the instrument, as read in the light of the circumstances under which it was executed.

In an action to recover a balance due for rent, it appeared that the defendant had signed and delivered to the plaintiff, in response to the latter's demand for security, a writing which was either a mortgage or a contract of conditional sale, and that some time after the action had been brought the plaintiff took possession of the chattels mentioned in the written instrument. *Held* that under these circumstances it was immaterial whether the writing was a mortgage, as found by the trial court, or a contract of conditional sale; since the plaintiff, as a creditor, had the right to collect the debt by an action at law, while, as a conditional vendor, her receipt of the articles after the commencement of the action did not estop her from making further claim on account of the indebtedness.

Argued January 6th—decided March 4th, 1909.

ACTION to recover an indebtedness for rent and for costs in a summary process suit, brought before a justice of the peace and thence, by the plaintiff's appeal, to the Court of Common Pleas in Hartford County and tried to the court, *Coats, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Joseph P. Tuttle,* for the appellant (defendant).

*J. Gilbert Calhoun* and *James B. Henry,* for the appellee (plaintiff).

RORABACK, J. This action is brought to recover rent and the costs of an action of summary process. The substance of the material facts appearing in the finding is as follows: On June 3d, 1907, the defendant owed the plaintiff for rent, and for the costs of an action of summary process, the sum of $53.96. The defendant owned and had in her possession the articles named in the following writing:—

"Hartford, Conn., June 3, 1907.

" This is to certify, that I have received of Edwina E. Stalker, of Hartford, Conn., the following goods and chattels, to wit: Five iron double beds complete with mattresses and springs, one Richmond kitchen range, one parlor stove, which goods and chattels are to be and remain the property of said Edwina E. Stalker until I shall have fully performed my part of the agreement as hereinafter set forth; I hereby agree to keep said property at my own risk and charge and pay said Edwina E. Stalker for the use thereof the sum of 58 and 16/100 on or before the first day of July, 1907, as evidenced by her indorsements on the back of this agreement, when said goods and chattels shall become my property; when all claim to the same by her shall cease and be determined.

" It is further hereby agreed, That said goods and chattels are to be kept by me at my residence, No. 115 Ann Street,

Stalker *v.* Hayes.

Hartford, or in some place of storage in said Hartford, the name of which I am to inform said Mrs. Stalker of before I remove said articles from 115 Ann Street, and that I will not remove the same from said places without the consent of said Edwina E. Stalker indorsed on this agreement, nor dispose of the same in any manner; and it is further agreed by me that if I shall make default of any of said payments, or shall fail in any manner to perform this agreement, the said Edwina E. Stalker shall be entitled to the immediate possession of said property, which I hereby promise to deliver to her on demand.

"In case I shall violate any part of the foregoing agreement, the said lessor, her agent, or assigns may enter upon my premise and take possession of said property, and they and every of them are hereby exonerated from any claim on my part, or on the part of any person in my name or stead for any damages which I might have against them for so doing had this agreement not been made and entered into by me.

"EUNICE M. HAYES [L. S.].

"This is to certify, that the above described property has been delivered to the lessee named in the foregoing agreement by the undersigned on the terms and conditions therein specified.

"Dated at Hartford, this 3rd day of June, A. D. 1907.
"EDWINA E. STALKER, [. . . .]
"By Terry J. Chapin,
"Her attorney."

In response to a demand for security for her indebtedness, the defendant signed and delivered to the plaintiff this writing. By mistake it stated the amount which the defendant was to pay the plaintiff at $58.16 instead of $53.96.

On July 1st, 1907, upon demand, the defendant refused payment. This action was then commenced. A long time

after commencing her action the plaintiff took possession of the articles in question.

The trial court, from the surrounding circumstances and the intention of the parties expressed in the writing, found that the contract in effect was a mortgage, and was intended as security for the debt named therein. The defendant contends that this action of the court was erroneous, for reasons which may be briefly stated as follows: The court erred and mistook the law in holding that the writing did not constitute payment of the charges and claims for which the plaintiff brought this action; in holding that the plaintiff was not estopped by the writing and the receipt of the articles therein mentioned, from making further claim against the defendant on account of said rent or costs in said action of summary process; and in holding that this writing constituted, in effect, a mortgage upon the articles mentioned therein.

The defense of payment claimed to be shown is not indicated by the written instrument. The defendant seeks to import into this document a condition or contingency of which it furnishes no intimation. There is nothing in the complaint from which payment can be found or inferred. If the defendant wished to avail herself of the defense of payment resulting from the transaction, she should have specially pleaded it. Practice Book (1908), p. 250, § 160.

The plaintiff alleged in her complaint, and the trial court has found, that this writing was given as security for the debt therein described. The court in construing this instrument properly took into consideration the intent of the parties as disclosed by the writing when read in the light of the surrounding circumstances under which it was executed. The purpose of the party in executing an instrument may be shown by parol evidence. *Lovell* v. *Hammond Co.*, 66 Conn. 500, 510, 34 Atl. 511; *Williams* v. *Chadwick*, 74 Conn. 252, 255, 50 Atl. 720; *Post* v. *Gilbert*, 44 Conn. 9, 18; *Susman* v. *Whyard*, 149 N. Y. 127 130, 43 N. E. 413.

For the purposes of this case it is unnecessary to determine whether the writing in question is a mortgage or a conditional sale. If it is a mortgage, the plaintiff nevertheless had the right to collect her debt by an action at law. 27 Cyc. 1515. Assuming that the contract is a conditional sale, the plaintiff could bring an action for the debt, or reclaim the property. The finding shows that an action for the collection of the debt was commenced long before possession was taken of the goods. Receiving the goods after the commencement of this action did not estop the plaintiff from making further claim on account of the indebtedness in question. *Robinson's Appeal*, 63 Conn. 290, 297, 28 Atl. 40; *Crompton* v. *Beach*, 62 Conn. 25, 35, 25 Atl. 446; *Bailey* v. *Hervey*, 135 Mass. 172, 174; *Heryford* v. *Davis*, 102 U. S. 235, 246.

There is no error.

In this opinion the other judges concurred.