KINDLER & COLLINS, INCORPORATED, *vs.* SARAH BECK.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

A conditional vendor who has assigned all his right, title and interest in the contract and in the property therein described, has nothing which he can thereafter transfer or convey to any one else.

Our law (§ 4744) does not require that a contract of conditional sale of musical instruments shall be in writing; nor that an assignment of such contract must be in writing.  Accordingly, a written assignment in blank, of such a contract, is admissible in evidence when coupled with proof of the name of the assignee.

Argued October 24th—decided November 27th, 1922.

ACTION of replevin for the possession of a piano, brought to and tried by the Court of Common Pleas in New Haven County, *Booth, J.;* facts found and judg-

ment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Joseph Shelnitz,* for the appellant (plaintiff).

*Matthew A. Reynolds,* with whom was *Lewis L. Field,* for the appellee (defendant).

CURTIS, J. Under the finding, it appears that on November 27th, 1916, the Morehouse & Loomis Piano Company owned a piano, and entered into a written conditional lease and sale of the piano to Mrs. H. Efland of New Haven at the purchase price of $265, and delivered the piano to her, and on December 16th, 1916, assigned all its interest in this lease to the Steger & Sons Piano Company of Chicago. Then, in December, 1916, Mrs. H. Efland relinquished to her daughter, Mrs. S. Beck, who resided with her, all her rights under the conditional lease and sale, the Morehouse & Loomis Piano Company assenting thereto. Mrs. Efland and her daughter continued to make payments on the piano to the Morehouse & Loomis Piano Company.

Shortly after February 27th, 1917, the Morehouse & Loomis Piano Company was adjudicated a bankrupt, and thereupon it notified Mrs. Efland and the defendant to make payments on the piano to William A. Wright & Son, attorneys. The defendant and Mrs. Efland continued to make payments on the piano to William A. Wright & Son, who represented the Steger & Sons Piano Company, assignees of certain conditional piano leases and sales from the Morehouse & Loomis Piano Company, including the lease and sale to Mrs. Efland. The Steger & Sons Piano Company notified Mrs. Efland and the defendant of the assignment to them shortly after the Morehouse & Loomis Piano Company was adjudicated bankrupt. The defendant and Mrs.

Efland paid William A. Wright & Son $199.75 on account of the piano, all of which, except $3.75, Wright & Son forwarded to the Steger & Sons Piano Company.

In December, 1916, after their assignment to the Steger & Sons Piano Company, the Morehouse & Loomis Piano Company procured from the defendant a written agreement of conditional lease and sale of this piano, and assigned it to the plaintiff. After the bankruptcy of the Morehouse & Loomis Piano Company, about February, 1917, and after the Steger & Sons Piano Company had notified the defendant and Mrs. Efland of the assignment of the Efland conditional lease and sale to them, the plaintiff notified the defendant of the assignment to it of the written lease and sale signed by the defendant.

Without the knowledge of or authority from the defendant or Mrs. Efland, William A. Wright & Son paid $3.75 of the $199.75 received by them from the defendant and Mrs. Efland on the piano account, to the plaintiff as a payment on the assignment by the Morehouse & Loomis Piano Company of the written conditional lease and sale of the piano signed by the defendant.

Subsequently the plaintiff demanded of the defendant and Mrs. Efland $253.29, as the amount due it upon the assignment to it by the Morehouse & Loomis Piano Company of the written conditional lease and sale signed by the defendant, and upon their refusal to pay said sum brought this action of replevin.

Under the pleadings, claims of the parties and facts found, the judgment rendered for the defendant was the only one permissible.

The conditional lease and sale to Mrs. Efland by the Morehouse & Loomis Piano Company, was never extinguished, but continued throughout the transactions narrated, and Mrs. Efland or her daughter, the defend-

ant, continued legally entitled to its benefit, subject only to the assignment to the Steger & Sons Piano Company after they were notified of it.

The execution of a conditional lease and sale by the defendant as from the Morehouse & Loomis Company, and by it assigned to the plaintiff, did not give the plaintiff legal title to the piano or a right to its possession under the facts, since the interest of the defendant in the piano was then only that arising under the conditional sale and lease to Mrs. Efland and relin-quished to her.

The plaintiff claims that the finding should be corrected, in the light of the material portion of the evidence certified to this court, so as to read to the following effect: that after the conditional lease and sale was made by the Morehouse & Loomis Piano Company to Mrs. Efland, and after the assignment of this lease and sale by that Company to the Steger & Sons Piano Company, but before Mrs. Efland was notified of this assignment, Mrs. Efland surrendered all her interest in the piano to the Morehouse & Loomis Piano Company, who then became again the owners of the piano, and then made a new conditional sale and lease to the defendant and assigned the same to the plaintiff, who subsequently notified the defendant of the assignment, and that the payment of $199.75 upon this piano to the attorneys, William A. Wright & Son, before such notice, should be disregarded, and the sum of $253.29 should be found due the plaintiff upon the piano from the defendant when the plaintiff made demand upon her for the same; and that the defendant thereby became in default and the plaintiff entitled to the possession of the piano.

A careful examination of the evidence certified to this court, discloses that it does not support such claim for correction of the finding.

Upon the trial there was offered in evidence by the defendant a written assignment in blank by the Morehouse & Loomis Piano Company of the conditional lease and sale of the piano to Mrs. Efland, supplemented by evidence tending to prove that the Steger & Sons Piano Company were assignees of that conditional lease and sale. The plaintiff objected to the admission of this blank assignment, and, upon its admission, duly excepted. Under the circumstances disclosed, the existence of this written assignment in blank was relevant evidence as a step in the proof, tending to prove an assignment to the Steger & Sons Piano Company of the conditional lease and sale to Mrs. Efland. The underlying objection of the plaintiff to this evidence seems to be that no assignment of a written conditional lease and sale of a piano could be made except by a written assignment containing a description of the assignee. Our law does not require that a contract of conditional lease and sale of a piano shall be in writing. General Statutes, § 4744. Nor does it require an assignment of such an agreement to be in writing. Such a contract may be made and assigned by parol. 5 Corpus Juris, pp. 897-901. There was no error in the admission of the blank assignment under the circumstances disclosed.

The remaining assignments of error are, in effect, that upon the finding, judgment was improperly rendered for the defendant.

We find that no corrections of the finding should be made as requested, and hold that upon the finding as made the court properly rendered judgment for the defendant.

There is no error.

In this opinion the other judges concurred.