## New Britain Real Estate and Title Company *vs.* Hartford Acceptance Corporation.

First Judicial District, Hartford, January Term, 1931.
Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 6th—decided March 3d, 1931.

*Ralph O. Wells,* with whom was *William S. Locke,* for the appellant (defendant).

*Donald Gaffney,* for the appellee (plaintiff).

HINMAN, J. On or about November 9th, 1926, the Burritt Motor Sales & Service Company sold an automobile to Ocial Cox, who gave a note for the unpaid balance of the purchase price, payable in monthly instalments, and the parties executed an instrument entitled "conditional sale contract," designated in this action as Exhibit B. This note and contract were assigned by the Burritt Company to the plaintiff and the latter, in consideration thereof, advanced $521.52 to the Burritt Company. The contract and assignment were recorded in the town clerk's office in New Britain, where all the parties were located. After making payments on account aggregating $220.52, Cox became in default, and on June 13th, 1927, executed, with the Burritt Company, a new conditional sales contract, which, on or about June 22d, 1927, that company assigned to the defendant, and the latter advanced to the Burritt Company the money for a second financing of the automobile. The plaintiff had no knowledge, at the time, of this transaction, nor did the defendant have any actual knowledge of the original sale to Cox or of the note or conditional bill of sale or of the assignment thereof to the plaintiff until May, 1928, when the plaintiff notified the defendant of its claims thereunder. Cox made no payments to anyone after the transactions in June, 1927, and on August 20th following the defendant took possession of the car and sold it for $400. The plaintiff endeavored to locate it in order to repossess, but without success, and on July 20th, 1928, made demand of the defendant for the value of the car.

Upon the facts found (most of those material to the questions raised by this appeal being stipulated by the parties) the trial court held that title to the automobile was vested in the plaintiff from November 9th, 1926, with right of possession upon breach of the con-

tract, Exhibit B, and that the assumption of possession and the sale of the car by the defendant constituted a conversion thereof. The appeal attacks these conclusions, also the correctness of the measure of damages adopted.

The first and principal contention of the appellant is that under the contract, Exhibit B, the title of the automobile did not remain, after delivery, in the vendor and its assignee, the plaintiff, but thereupon passed to the vendee, Cox, subject only to a condition subsequent in the event of default in some of the respects stipulated, and therefore, as to the defendant, constituted an absolute sale. General Statutes, §§ 4697, 4699.

The contract does not expressly state that title shall remain in the seller, or its assignees, until the conditions have been fully performed—a provision usually found in agreements of this kind. However, the construction to be accorded the instrument is dictated by "the intent of the parties as disclosed by the writing when read in the light of the surrounding circumstances under which it was executed." *Stalker* v. *Hayes,* 81 Conn. 711, 714, 71 Atl. 1099; *In re Wilcox and Howe Co.,* 70 Conn. 220, 228, 39 Atl. 163. It is to be noted that not only is the agreement in question entitled "conditional sale contract," but it is referred to by the parties in their stipulation of agreed facts as a "conditional bill of sale," and in the assignments of error the right of the plaintiff is referred to as that of "conditional vendor." The accepted significance of a conditional sale, ordinarily, is that the title is retained by the vendor. Exhibit B authorizes repossession by vendor upon any of the conditions commonly found in conditional sales, including not only default in stipulated payments, but also removal out of the State, sale or incumbrance, and certain specified uses, and, upon

such taking possession, freedom of disposition of the property, with retention of payments, previously made, as liquidated damages for use, or, as an alternative, sale and credit of the proceeds or of the fair market value upon the price and recovery of the balance, a provision similar, in substance, to that contained in the second contract assigned to the defendant. These provisions especially, and the terms of Exhibit B in general, are consistent only with an intent by the parties that title should remain in the seller until payment in full was attained. The construction, to that effect, adopted by the trial court, was correct.

The second claim of the appellant is that even if the contract be so construed, yet the dealings of the defendant with the automobile did not constitute a conversion. An unauthorized assumption and exercise of right of ownership over property belonging to another, to the exclusion of the owner's rights, is a conversion. "The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." *Gilbert* v. *Walker,* 64 Conn. 390, 394, 30 Atl. 132; *Coleman* v. *Francis,* 102 Conn. 612, 615, 129 Atl. 718. The appellant assents to this definition, but contends that none of the dealings with the car by Cox, the Burritt Company and the defendant, came within it, because the plaintiff had not then exercised its privilege to repossess the car. With this we cannot agree. The analogies attempted to be drawn between the situation here and a sale by a mortgagor of his equity in mortgaged real estate, or a sale of property, absolute in form, by a party in possession and the apparent owner (as in *Parker* v. *Middlebrook,* 24 Conn. 207) are fundamentally faulty in that they fail to take account of the distinctive nature of a conditional sale contract and the constructive notice

thereof afforded by the public record. The contract, Exhibit B, expressly conferred the stipulated rights of repossession and subsequent disposition upon the assignee of the conditional vendor as well as upon the latter; the assignment to the plaintiff was annexed to the contract, dated the same day and recorded with it; constructive notice to the defendant of the resulting situation was afforded thereby. *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 Atl. 459. By the assignment the title to the car passed to the plaintiff, and when possession came again into the hands of the Burritt Company the latter could only hold it on behalf of the plaintiff; the attempted resale to Cox and the assignment of the second conditional bill of sale to the defendant conveyed no title to the car. *Lynn Morris Plan Co.* v. *Gordon,* 251 Mass. 323, 146 N. E. 685; *State Bank of Black Diamond* v. *Johnson,* 104 Wash. 550, 177 Pac. 340; *In re B & B Motor Sales Corporation,* 277 Fed. 808, 811; Estrich, Instalment Sales, §§ 236, 237, 239. The conditional sale contract, so far as concerns the rights of the plaintiff, was not extinguished by the subsequent transaction and the plaintiff continued legally entitled to its benefit. *Kindler & Collins, Inc.* v. *Beck,* 98 Conn. 212, 214, 119 Atl. 54. The assumption by the defendant of the plaintiff's prior and superior right to take possession of and sell the car amounted to a conversion, as to the plaintiff.

Neither is the claim sound that, notwithstanding, it was incumbent upon the plaintiff to condone or ignore the defendant's intervention and trace the car to the ultimate possessor—the defendant's vendee or his successor in interest—and exercise its right of repossession.

The further question relates to the measure and amount of damages. The amount to be awarded is "the value of the goods at the date of the conversion" (*Kuzemka* v. *Gregory,* 109 Conn. 117, 122, 146 Atl. 17)

618

not, as the appellant claims, the balance of the purchase price due and unpaid. The date of conversion was that of the taking possession and sale by the defendant—August 20th, 1927. The value of the automobile on that date is stipulated to have been $400—not $425 as adopted by the trial court, apparently by inadvertence. We think that the deduction of $37.62 realized by the plaintiff upon its claim filed against the receiver of the Burritt Company, was justifiable. The correct amount of the damages is $362.38, instead of $387.38 as awarded. In this respect, only, there was error.

The case is remanded to the Court of Common Pleas with direction to enter judgment for the plaintiff for $362.38 with interest from August 20th, 1927.

In this opinion the other judges concurred.