ALLEN W. CASE and Another, Plaintiffs, *v.* EARL J. SNYDER, Defendant.

County Court, Otsego County, December 4, 1933.

*Claude V. Smith,* for the plaintiffs.

*Jerome S. Seacord* [*Wayne Tyson* of counsel], for the defendant.

VAN WOERT, J. The controversy between the parties is submitted upon an agreed statement of facts and presents but one question of law for determination.

September 9, 1932, the defendant by due process procured a judgment for $203.67 against Burton Truesdell and Grace Truesdell, which judgment was duly transcripted to Otsego county January 19, 1933. The validity of such judgment is not questioned. On or about March 10, 1933, said Burton Truesdell entered into a lease with the plaintiffs for the use and occupancy of certain farm property for the term of one year. Such lease has not expired. The lease is one customary in this neighborhood and provides, among other things, the following: " All hay and fodder produced on said farm shall be fed out thereon * * *. And at the expiration of this lease said party of the second part [Truesdell] shall leave in said farm buildings hay, grain and fodder of like amount and quality as was thereon at the beginning of this lease * * * and all *crops* produced shall be the property of the first party [Case] until the expiration of this lease *as security for the fulfillment of this lease.*" (Italics mine.)

On or about October 5, 1933, the defendant Snyder, as judgment creditor, caused an execution to be issued under his judgment and the sheriff of the county levied upon thirty-five to forty tons of hay in the possession of Truesdell upon the leased premises. The plaintiffs seek to prevent the sheriff's sale, claiming title to the said hay under the lease provisions above quoted. Sale has been postponed pending determination of this question.

Any issue of the soil, produced naturally or under cultivation and subject to harvesting methods, may be considered " crops." A " crop " of hay is common subject of consideration and concern among farmers during the growing or harvest period. I find no fine line of demarcation that would set grass (cut and cured and gathered into the barn) apart from any other " crop " springing from the soil and similarly treated. I conclude that hay is properly included within the term " crops " and was so contemplated in the contract of lease here considered.

So far as the personal property ("hay, grain and fodder ") are concerned, the same being held " as security," the lease was to that extent a mortgage of chattels. (*Colville* v. *Miles*, 127 N. Y. 159; *Johnson* v. *Crofoot*, 53 Barb. 574.)

Such lease was not recorded or filed, and, consequently, being in contemplation of law a chattel mortgage, it was not effective to defeat the judgment creditor's rights to levy and sale of the property under an execution, although the creditor's rights accrued prior to the lease itself. (*Thompson* v. *Van Vechten*, 27 N. Y. 568; and see generally cases cited in Griffin and Curtis on Chattel Mortgages & Sales [4th ed.], p. 78.)

I conclude, accordingly, that the plaintiffs' cause must fail, that

the title to the hay levied upon by the sheriff was in Truesdell, the tenant, and is properly subject to the defendant's execution, and that the sheriff may proceed to sale according to law.

It would seem that a farm landlord, in order to protect himself, should file a lease of this type in the town clerk's office in the town of the residence of the tenant.

Judgment ordered for defendant, with ten dollars costs, as stipulated in the submission.