### Gerard C. Tassinary *v.* Elizabeth L. Moore et al.

Appellate Session of the Superior Court

File No. 1129

Argued November 23, 1981—decided March 5, 1982

*Michael Brodinsky,* for the appellant (plaintiff).

*Bonita C. Frasure,* for the appellees (defendants).

Covello, J. The plaintiff instituted this action against the executors of the estate of Colvert E. Moore. The complaint[1] alleged that on August 28, 1978, Moore's unemancipated minor son took the plaintiff's automobile without permission and

---

[1] The plaintiff's complaint alleged: "1. On or about August 28, 1978, at approximately 4:00 p.m., the plaintiff owned a 1978 Chevrolet Monte Carlo which was being operated by Wayne Patrick Moore on Ocean Avenue in New London, Connecticut when it was involved in a motor vehicle accident.

"2. On said date, Patrick Moore, the unemancipated minor child of Colvert E. Moore, took said vehicle without permission and damaged it.

"3. On October 18, 1978, Colvert E. Moore died and on November 14, 1978 the defendants were appointed executors and they are duly serving in that capacity.

"Wherefore the plaintiff claims money damages within the jurisdiction of this court and a weekly order."

thereafter damaged it. The complaint further alleged that Mr. Moore died thereafter and the defendants were appointed as his executors.

The defendants filed a motion to strike the complaint contending that it failed to state how the damage occurred, "whether intentionally, negligently, or otherwise." They argued that such lack of specificity failed to show what liability, if any, lay with the defendants. The trial court recognized that the cause of action was brought under § 52-572 of the General Statutes,[2] but granted the motion to strike, concluding that "[t]he allegations of the complaint are not sufficient to constitute a clearly identifiable cause of action against the minor or his parent. Section 52-572 is designed to create liability on the part of the parent of a minor who would [not] otherwise be liable." We do not agree that these allegations were legally insufficient.

General Statutes § 52-572 significantly enlarges parents' otherwise limited liability for the torts of their children. Under its provisions, the parents of an unemancipated minor became liable to a limit of $1500[3] if the child took a motor vehicle without the owner's permission and thereafter damaged it.

---

[2] General Statutes § 52-572 (Rev. to 1977), as it existed when this incident occurred, provided: "PARENTAL LIABILITY FOR TORTS OF MINORS. DAMAGE DEFINED. The parent or parents or guardian of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person, or, having taken a motor vehicle without the permission of the owner thereof, cause damage to such motor vehicle, shall be jointly or severally liable with such minor or minors for such damage or injury to an amount not exceeding fifteen hundred dollars, if such minor or minors would have been liable for such damage or injury if they had been adults; provided nothing herein shall be construed to relieve such minor or minors from personal liability for such damage or injury. The liability herein provided for shall be in addition to and not in lieu of any other liability which may exist at law. As used in this section, 'damage' shall include depriving the owner of his property or motor vehicle or of the use, possession or enjoyment thereof."

[3] Public Acts 1979, No. 79-58, effective October 1, 1979, increased the limit to $3000.

To set forth the cause of action thus created, a plaintiff must allege the child to be the unemancipated child of the defendant. The plaintiff here alleges: "On said date, Patrick Moore [was] the unemancipated minor child of Colvert E. Moore . . . ." The statute further requires an allegation that the minor took the plaintiff's vehicle without permission. The plaintiff here alleges "Patrick Moore . . . took said vehicle without permission." Finally, the statute requires allegations of damage. The plaintiff here alleges "Patrick Moore . . . took said vehicle without permission and damaged it." The complaint clearly articulates allegations which, if proved, would entitle the plaintiff to recover damages from the parent's estate based upon the cause of action created by that statute.

Section 52-572, however, does not make the parents responsible in all events for the minor's act, but makes them liable only for those damages or injuries for which the minors themselves "would have been liable . . . if they had been adults." Thus, to recover against the parents, the complaint must not only allege facts which meet the required elements set forth in § 52-572, but also set forth facts which delineate a cause of action known either at common law or created by other statute.

"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. 'A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.' " (Citation omitted.) *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 330, 170 A.2d 724 (1961), quoting *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725 (1909).

The complaint here alleges the plaintiff's ownership of an automobile. It further alleges that the wrongdoer took the vehicle without the plaintiff's permission and thereafter damaged it. Having described and identified the plaintiff's primary right as owner of the automobile, and the invasion of that right by the unauthorized taking and damaging of the vehicle, a classic cause of action in common law conversion is stated.

"An unauthorized assumption and exercise of right of ownership over property belonging to another, to the exclusion of the owner's rights, is a conversion. 'The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm.' *Gilbert* v. *Walker,* 64 Conn. 390, 394, 30 A. 132 [1894]; *Coleman* v. *Francis,* 102 Conn. 612, 615, 129 A. 718 [1925]." *New Britain R. E. & T. Co.* v. *Hartford Acceptance Corporation,* 112 Conn. 613, 616, 153 A. 658 (1931).

We conclude, therefore, that the complaint sets forth a cause of action in common law conversion, that it further sets forth sufficient facts to render the defendants' decedent, as a parent, prospectively liable through the operation of General Statutes § 52-572, and that the granting of the motion to strike the complaint as legally insufficient was in error.

There is error. The judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion DALY and BIELUCH, Js., concurred.