The plaintiff instituted this action against the executors of the estate of Colvert E. Moore. The complaint[1] alleged that on August 28, 1978, Moore's unemancipated minor son took the plaintiff's automobile without permission and *Page 328 
thereafter damaged it. The complaint further alleged that Mr. Moore died thereafter and the defendants were appointed as his executors.
The defendants filed a motion to strike the complaint contending that it failed to state how the damage occurred, "whether intentionally, negligently, or otherwise." They argued that such lack of specificity failed to show what liability, if any, lay with the defendants. The trial court recognized that the cause of action was brought under 52-572 of the General Statutes,[2] but granted the motion to strike, concluding that "[t]he allegations of the complaint are not sufficient to constitute a clearly identifiable cause of action against the minor or his parent. Section 52-572 is designed to create liability on the part of the parent of a minor who would [not] otherwise be liable." We do not agree that these allegations were legally insufficient.
General Statutes 52-572 significantly enlarges parents' otherwise limited liability for the torts of their children. Under its provisions, the parents of an unemancipated minor became liable to a limit of $1500[3] if the child took a motor vehicle without the owner's permission and thereafter damaged it. *Page 329 
To set forth the cause of action thus created, a plaintiff must allege the child to be the unemancipated child of the defendant. The plaintiff here alleges: "On said date, Patrick Moore [was] the unemancipated minor child of Colvert E. Moore . . . ." The statute further requires an allegation that the minor took the plaintiff's vehicle without permission. The plaintiff here alleges "Patrick Moore . . . took said vehicle without permission." Finally, the statute requires allegations of damage. The plaintiff here alleges "Patrick Moore . . . took said vehicle without permission and damaged it." The complaint clearly articulates allegations which, if proved, would entitle the plaintiff to recover damages from the parent's estate based upon the cause of action created by that statute.
Section 52-572, however, does not make the parents responsible in all events for the minor's act, but makes them liable only for those damages or injuries for which the minors themselves "would have been liable . . . if they had been adults." Thus, to recover against the parents, the complaint must not only allege facts which meet the required elements set forth in 52-572, but also set forth facts which delineate a cause of action known either at common law or created by other statute.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. `A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action.'" (Citation omitted.) Gallo v. G. Fox Co.,148 Conn. 327, 330, 170 A.2d 724 (1961), quoting Pavelka v. St. Albert Society, 82 Conn. 146, 147,72 A. 725 (1909). *Page 330 
The complaint here alleges the plaintiffs ownership of an automobile. It further alleges that the wrongdoer took the vehicle without the plaintiff's permission and thereafter damaged it. Having described and identified the plaintiff's primary right as owner of the automobile, and the invasion of that right by the unauthorized taking and damaging of the vehicle, a classic cause of action in common law conversion is stated.
"An unauthorized assumption and exercise of right of ownership over property belonging to another, to the exclusion of the owner's rights, is a conversion. `The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. Gilbert v. Walker, 64 Conn. 390, 394,30 A. 132 [1894]; Coleman v. Francis, 102 Conn. 612,615, 129 A. 718 [1925]." New Britain R. E. T. Co. v. Hartford Acceptance Corporation,112 Conn. 613, 616, 153 A. 658 (1931).
We conclude, therefore, that the complaint sets forth a cause of action in common law conversion, that it further sets forth sufficient facts to render the defendants' decedent, as a parent, prospectively liable through the operation of General Statutes 52-572, and that the granting of the motion to strike the complaint as legally insufficient was in error.
 There is error. The judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.
In this opinion DALY and BIELUCH, Js., concurred.