[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
On January 21, 1997, the plaintiffs, Caryn J. and Alisande Eng, filed a three count complaint against the defendants, Dan, Arcilio and Ceu Cruz, also known as DaCruz, and Mark F. Lozier. In count one the plaintiffs allege negligence against Dan Cruz and Lozier. In counts two and three the plaintiffs allege liability under General Statutes § 52-572 and negligent CT Page 2402 supervision against Arciho and Ceu Cruz. The plaintiffs allege in their complaint that Dan Cruz was operating a motor vehicle owned by Lozier when he made a left turn in front of a vehicle, owned by Alisande Eng and being operated by Caryn Eng, causing a collision. The plaintiffs allege that the collision caused damage to their vehicle. The plaintiffs further allege that Dan Cruz was an unemancipated minor at the time of the accident, and that Arcilio and Ceu Cruz are his parents.
On March 5, 1997, the defendants, Dan, Arcilio and Ceu Cruz filed a motion to strike count two of the complaint on the ground that the allegations are legally insufficient to state a claim under § 52-572. The defendants also filed a memorandum of law in support. The plaintiffs filed a memorandum in opposition on March 12, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts Store your weekly copies of the Law Tribune and Connecticut Opinions in the Law Tribune's binders. upright on shelf, Labeled for easy reference. Open flat, with inner-edge visibility For more information or to order, please call (203) 256-3600. alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendants argue that § 52-572 does not provide a cause of action for a owner of a motor vehicle who has suffered damage as a result of an accident with a vehicle taken without permission by an unemancipated minor. The plaintiffs maintain that the statute does not provide that the plaintiff need be the CT Page 2403 owner of the vehicle taken without permission to recover under § 52-572.
General Statutes § 52-572 (a) provides in pertinent part that "[t]he parent or parents or guardian . . . of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person, or, having taken a motor vehicle without the permission of theowner thereof, cause damage to the motor vehicle, shall be jointly and severally liable with the minor or minors for the damage or injury to an amount not exceeding five thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults."
"At common law, the torts of children do not impose vicarious liability upon parents qua parents, although parental liability may be created by statute; see General Statutes § 52-572. . . ."Kaminski v. Fairfield, 216 Conn. 29, 34,578 A.2d 1048 (1990). The issue submitted is one of statutory construction. "In accordance with established principles of statutory construction, our paramount objective is to ascertain and give effect to the apparent intent of the legislature. . . . If the words of a statute are unambiguous, we assume that they express the legislature's intent. . . . In the event of textual ambiguity, we discern such intent by also looking to legislative history, legislative policy and the relationship of the statute at issue to existing legislation." (Citations omitted; internal quotation marks omitted.) Stein v. Hillebrand, 240 Conn. 35,39-40, ___ A.2d ___ (1997). "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . [A] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction. . . ." (Internal quotation marks omitted.)Mattatuck Museum-Mattatuck History Society v. Administrator,238 Conn. 273, 278-79, 679 A.2d 347 (1996). "`It is an established rule that statutes are not readily interpreted as abrogating common-law rights.'" Castagno v. Wholean, 239 Conn. 336, 344,684 A.2d 1181 (1996).
The plain language of § 52-572 (a) imposes liability, up to five thousand dollars, on the parents of an unemancipated minor for damages caused to a motor vehicle taken by the minor without permission. The statute does not make any reference to CT Page 2404 damages caused to any other motor vehicles, therefore, it cannot be interpreted as abrogating the common law principle that parents are not vicariously liable for the torts of their children. Furthermore, the courts which have applied this statute have consistently done so in situations clearly delineated by § 52-572 (a), for damage done to the vehicle taken without permission. See LaBonte v. Federal Mutual Insurance Co.,159 Conn. 252, 268 A.2d 663 (1970); Tassinary v. Moore,38 Conn. Sup. 327 (App. Sess. 1982); Gillespie v. Gallant, 24 Conn. Sup. 357
(Cir.Ct. 1963). The plaintiffs argue that the purpose of the statute is to deter juvenile delinquency, and to compensate innocent victims for damage caused by minor tortfeasors. SeeWatson v. Gradzik, 34 Conn. Sup. 7, 10 (C.P. 1977). However, we look to legislative policy only when the language of a statute is ambiguous. The language of § 52-572 is not ambiguous in this regard.
Accordingly, the defendants motion to strike count two of the plaintiffs' complaint is granted.
Skolnick, J.