[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2681
The plaintiff (hereinafter sometimes referred to as "VELASCO") instituted this action to recover damages he claims to have sustained when the defendant (hereinafter sometimes referred to as "ROJAS") wrongfully removed property stored on her premises. Rojas filed an answer, special defenses and a counterclaim for damages sustained as a result of defendant's use of the premises for the sale and repair of automobiles.
FINDINGS:
In the fall of 1996, Velasco started occupying four enclosed garage bays and four exterior parking spaces on premises owned by defendant in New Britain, Connecticut. Velasco made monthly payments to Rojas in the amount of $160.00 for use of the premises. A 68 year old retiree since 1993, Velasco used the space to restore cars as a hobby, he would buy old cars and fix them to keep busy.
In July of 1997, after receiving notice of cancellation from her insurance carrier, Rojas asked Velasco to cease the auto body work and remove the vehicles from the parking spaces. She indicated the garage could be used only for storage of vehicles. In November, Rojas told Velasco to vacate because he was creating insurance problems.
On January 7, 1998, Velasco discovered padlocks he had installed on the garage doors had been cut. The doors were open, and five automobiles were gone. Also missing were tool boxes, motors, wheels and tires as well as personal items of clothing. He learned from the New Britain police that the owner of the premises had the vehicles towed away by Empire Motors, Inc. of New Britain.
Before returning the motor vehicles to Velasco, Empire demanded payment of towing and storage charges in the amount of $1000.00 by February 7, 1998. Velasco was unable to pay the CT Page 2682 entire amount. He paid $400.00 to Empire to recover two of the vehicles. He forfeited three others.
After Velasco had vacated the premises, Rojas incurred expenses for cleaning and removal of debris, such as car parts, car seats and doors left by Velasco on the premises.
I find Velasco used and occupied the premises with the plaintiff's knowledge and consent, that he stored his vehicles and tools on the premises with her knowledge and consent, and that he paid and she accepted monies for his use and occupancy. Velasco was rightfully in possession of the garage bays and parking spaces and he was the owner of the vehicles and other personal property items removed from the premises. At trial Rojas acknowledged and accepted responsibility for removal of the padlocks and the vehicles in January 1998.
The complaint here alleges the plaintiff's ownership of several vehicles and other items of personal property. It further alleges that the defendant wrongfully removed the property from the premises occupied by him which resulted in loss and damage to him. Having described and identified the plaintiffs primary right as owner of the automobiles and other property, and the invasion of that right by the unauthorized taking and deprivation of the vehicles, a classic cause of action in common law conversion is stated. "Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights.Moore v. Waterbury Tool Co., 124 Conn. 201, 199 A. 97 [1938]."Devitt v. Manulik, 176 Conn. 657, 660 (1979). `The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. Gilbert v. Walker,64 Conn. 390, 394, 30 A. 132 [1894]; Coleman v. Francis, 102 Conn. 612,615, 129 A. 718 [1925]." New Britain R. E. T. Co. v. HartfordAcceptance Corporation, 112 Conn. 613, 616, 153 A. 658 (1931)Tassinary v. Moore, 38 Conn. Sup. 327 (1982).
I find plaintiff has sustained the burden of proving his complaint for conversion.[1]
Having reviewed the photographs of the premises in light of the activities conducted by Velasco in the garage and on the driveway, I find the defendant (plaintiff on the counterclaim) incurred expenses for cleanup and removal of debris from the CT Page 2683 premises beyond what would normally be required when an occupant leaves possession.
Accordingly, I find in favor of the defendant on the counterclaim.
DAMAGES:
Velasco is seeking damages for towing charges, loss of three vehicles[2], namely a 1985 Cadillac, a 1984 Plymouth and a 1985 Oldsmobile Cutlass, as well as tools and toolboxes, automotive parts and some items of personal property, such as clothing.
The foundation for the value of these items was primarily the testimony of Velasco. "A party's testimony as to the value of personal property is proper even if no qualification other than ownership of it is shown. Sachs v. Sachs, 22 Conn. App. 410, 422, cert. denied, 216 Conn. 815, (1990)." Moore v. Sergi,38 Conn. App. 829, 840 (1995).
On the plaintiff's complaint, I award $3500 for loss of the vehicles, including the restorations; $500.00 for towing charges; and $2500.00 for tools and toolboxes, a total of $6500.00. Insufficient evidence was presented to support an award of damages for the other items of personalty.
On the defendant's counterclaim, I award damages in the amount of $1200 for debris removal and clean-up costs. I cannot find on the evidence presented that Velasco caused damage to the driveway or that he removed partitions between the garage bays. Therefore, no damages are awarded for those claims.
A net judgment in favor of the plaintiff shall enter for $5300.00.
Tanzer, J